IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RENEE JOHNSON,<br>          Plaintiff,<br><br>v.<br><br>PC Woodland Manor, LLC., an Oklahoma Foreign limited liability company, et al.<br>          Defendants. | Case No.: 4:23-cv-00169-CVE-CDL |

**PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS WITH BRIEF IN SUPPORT OF DEFENDANTS VARIA US TULSA, LLC., VARIA US HOLDINGS, LLC, STONEWEG INVESTMENTS, LLC, AND STONEWEG US EMPLOYEES, LLC (DOC. 26), AND BRIEF IN SUPPORT**

Plaintiff, Renee Johnson (Ms. Johnson) responds to the Motion to Dismiss, and Brief in Support filed by the Defendants Varia US Tulsa, LLC., Varia US Holdings, LLC., Stonweg Investments, LLC., and Stoneweg US Employees, LLC (Defendants) (Doc. 26). The Defendants move this Court to dismiss them as Defendants from this case pursuant to **Fed. R. Civ. P. 12 (b) (6)**. Specifically, the Defendants allege that Ms. Johnson failed to plead sufficient facts to establish a relationship between the Defendants identified herein, the remaining Defendants named in the case, and the violative conduct. For the reasons set forth herein, Ms. Johnson urges this Court to deny the Defendants' motion to dismiss, and to order them to answer the Complaint. Should this Court determine that the facts pleaded do not sufficiently establish a link between the "Motion" Defendants and the conduct complained of within this case, Ms. Johnson requests leave to amend her Complaint to establish that linkage.

1

## FACTS SUPPORTING THE DENIAL OF THE DEFENDANTS' MOTION TO DISMISS

1. Ms. Johnson initiated this action on April 27, 2023. Doc. 2.

2. In her Complaint, Ms. Johnson stated that her claims arose under the **Fair Housing Act** and the **Fair Housing Amendments Act, 42 U.S.C.A. § 3601, et seq.,** the **Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794**, and the **Oklahoma Discrimination in Housing Act** and the **Oklahoma Anti-Discrimination Act**, **25 Okla. Stat. § 1401, et seq.** Id at P. 1, ¶ 1.

3. Ms. Johnson pleaded that the identified corporate structure of Defendant Varia US Properties, AG (which is not a party to the Motion to dismiss) is such that it creates holding subsidiaries that "hold 100% and 100% of the equity interest of votes in each PropCo LLC." Id. at P. 6, ¶ 27.

4. The Defendants do not dispute that Varia US Properties, AG, nor Stoneweg Groups are proper parties.

5. Ms. Johnson identified Defendant PC Woodland Manor, LLC. (PCWM), as the PropCo, LLC for Woodland Manor Apartments. Id. at P. 11, ¶ 31. In other words, PCWM was the equitable owner of the Woodland Manor Apartments.

6. Ms. Johnson pleaded the following facts about Defendant Varia US Tulsa, LLC. (VUT):

    a. VUT "is a member of PCWM,"

    b. VUT "is the agent and principal of all corporate Defendants herein named," and "is the principal of the named individual Defendants." Id. at P. 6, ¶ 17, and P. 11, ¶ 31.

    c. VUT[1] and PCWM entered into facility management agreements with Defendants BPM, RPM, and Vesta for property management services at Woodland Manor Apartments." Id. at P. 11, ¶ 37.

7. Ms. Johnson pleaded the following facts about Defendant Varia US Holdings, LLC. (VUH):

    a. "It is the agent and principal of all corporate Defendants named herein. It is the principal of the named individual Defendants." Id. at PP. 6-7, ¶ 18.

    b. "The sole member of VUT is Defendant VUH." Id. at P. 11, ¶ 32.

    c. VUH entered into facility management agreements with Defendants BPM, RPM, and Vesta for property management services at Woodland Manor Apartments. Id. at P. 11, ¶ 37.

8. Ms. Johnson pleaded the following facts about Defendant Stoneweg Investments, LLC. (SIL):

    a. SIL "is the agent and principal of all corporate Defendants herein named. It is the principal of the named individual Defendants." Id. at P. 7, ¶ 19.

---

[1] In her Complaint, Ms. Johnson refers to the Varia Defendants collectively as "Varia" and the Stoneweg Defendants as "Stoneweg" Doc. 2, P. 1, ¶ 1.

  b. SIL is the remaining member of PCWM, the owner of the Woodland Manor Apartments. Id. at P. 11, ¶ 31.

  c. SIL and PCWM entered into facility management agreements with Defendants BPM, RPM, and Vesta for property management services at Woodland Manor Apartments. Id. at P. 11, ¶ 37.

9. Ms. Johnson pleaded the following facts about Defendant Stoneweg US Employees, LLC (SUSE):

  a. "SUSE is both agent and principal of all named Defendants." Id. at P. 8, ¶ 22.

  b. "SUSE assists in the selection of assets, the local asset management, and the development of the local network."

  c. SUSE and PCWM entered into facility management agreements with Defendants BPM, RPM, and Vesta for property management services at Woodland Manor Apartments. Id. at P. 11, ¶ 37.

10. The Corporate Disclosure statement filed by PCWM in this case supports the relationships pleaded by Ms. Johnson about these corporate entities. Doc. 21, P. 3. Ex. 1.

11. In her Complaint, Ms. Johnson pleaded that the employees of the property management companies that the Defendants, identified herein, hired, violated her civil rights by engaging in numerous acts of discrimination in violation of the laws cited herein.

12. Ms. Johnson pleaded that the property management companies, and their employees were the agents of Defendants VUT, VUH, SIL, and SUSE.

13. Additionally, in the Settlement Statement for the transfer of the property, all moving Defendants are identified as parties to the sale and as recipients of the proceeds from the sale. Exhibit 2.

## AUTHORITIES

[A]n action should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless "the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." Reynolds v. School District No. 1, Denver, Colorado, 69 F.3d 1523, 1536 (10th Cir.1995) citing Coosewoon v.. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir.1994). In reviewing the sufficiency of the complaint, a court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir.1996) citing Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). The "[g]ranting [of] defendant's motion to dismiss is a harsh remedy which must be cautiously studied ... to protect the interests of justice." Bangerter v. Orem City Corp., 46 F.3d 1491, 1502 (10th Cir.1995). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." Quality Foods v. Latin American Agribusiness Development, 711 F .2d 989, 995 (11th Cir.1983). Generally, a request for dismissal for the failure to state a claim "is viewed with disfavor, and is rarely granted." Lone Star Industries, Inc. v. Horman Family Trust, 960 F.2d 917, 920 (10th Cir.1992) citing Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir.1981). "Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." Neitzke v. Williams, 490 U.S. 319, 329 (1989); see also, Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir.2001) ("[D]ismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."

Boswell v. State Farm Fire & Cas. Co., No. CIV 06 326 KEW, 2006 WL 2993342, at *1 (E.D. Okla. Oct. 19, 2006).

**1.     Ms. Johnson has sufficiently pleaded facts to establish that the named Defendants were more than just subsidiaries and parent companies.  Therefore, the Court must deny the motion to dismiss.**

In her Complaint, Ms. Johnson pleaded more than just bare assertions about the agency relationships between the Defendants, and their relationships as joint venturers for the Woodland Manor Apartments.

First, as to Defendants VUT, VUH, and SIL, Ms. Johnson pleaded facts sufficient for the Court to accept as true that these Defendants held an ownership interest in the Woodland Manor Apartments during the time of Ms. Johnson's injuries. To be specific, Ms. Johnson alleged the following:

- PCWM is the PropCo, LLC. that was the equitable owner of the Woodland Manor Apartments.
- Both Defendants VUT and SIL are the sole members of PCWM.
- Defendant VUH is the sole member of Defendant VUT.

The Court must accept these facts as true. Interpreting these facts, the Court should conclude the following:

- As the sole members of PCWM, Defendants VUT and SIL collectively owned 100% of PCWM's equitable and voting interests in the Woodland Manor Apartments.
- As the sole member of Defendant VUT, Defendant VUH owned 100% of VUT's equity and voting interest in the Woodland Manor Apartments.
- VUH, VUT, and SIL owned 100% of the equity interest and voting interests PCWM and in Woodland Manor Apartments.

Having alleged that these three entities owned the Woodland Manor Apartments, Ms. Johnson has made more than a bare allegation that Defendants VUT, VUH, and SIL were the principals of Defendants BPM, RPM, Vesta, and the individual Defendants who worked for these property management companies. It would lead to an absurd result to accept as true that these Defendants owned the property, but they did not have a relationship with the companies who managed the property.

Second, as to Defendant SUSE, Ms. Johnson has sufficiently stated facts, which if taken as true, support a conclusion that SUSE assisted in the management and operations of Woodland Manor Apartments. As the selector of the Woodland Manor Apartments and the local property management, it is reasonable accept as true that SUSE was an agent for the property owners, VUT, VUH, SIL, and Varia US Properties, as well as the principal for the property management companies that it hired. Accordingly, Ms. Johnson has sufficiently made more than just a bare general allegation/assertion about SUSE's status as principal and agent.

Lastly, Ms. Johnson sufficiently pleaded that each of the moving Defendants signed the facility management agreements that formed the agency relationships between the property management Defendants. Clearly stated, the Court must as true the fact that the Defendant property management companies were the employees of Defendants VUT, VUH, SIL, and SUSE.

Although Ms. Johnson identified Defendants VUT, VUH, SIL, and SUSE as subsidiaries of Defendant Varia US Properties, AG, her facts sufficiently demonstrate more than just bare, general assertions of ownership and agency. She has certainly pleaded facts,

which taken as true, push her claims, against these Defendants, accross the very low threshold of sufficiency. Moreover, these facts are confirmed in the Defendant PCWM's own Disclosure statement filed in this case. Plaintiff also meets the Fair Housing pleading requirement needed to avoid dismissal: "a plaintiff need only give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." **Edwards v. Marin Park, Inc.,** 356 F.3d 1058, 1061–62 (9th Cir. 2004)(*internal citations omitted*). Accordingly, this Court must deny the Defendants' motion to dismiss.

**2. As the principals of the property management companies, under the doctrine of respondeat superior, the named Defendants are vicariously liable for the bad acts of their agents. Therefore, this Court must deny the motion to dismiss.**

As stated *supra,* Ms. Johnson has sufficiently stated claims to plausibly support an inference that the Defendants VUH, VUT, SIL, and SUSE were the principals of the Defendant property management companies, and by extension, their individual employees. Accordingly, the Court should find that under the doctrine of respondeat superior, these Defendants are proper parties to this action. They are vicariously liable for the acts of their servants.

"The doctrine of *respondeat superior* is […] a legal theory by which a party who has not committed a substantive legal wrong can be held legally liable for a legal wrong committed by another. Baker v. Baxa Corp., No. CIV.A. 09-CV-02034, 2011 WL 650002, at *1 (D. Colo. Feb. 11, 2011). "Traditional vicarious liability rules ordinarily make principals or employers vicariously liable for the acts of their agents or employees in the scope of their authority or employment." Meyer v. Holley, 537 U.S. 280, 123 S. Ct. 824, 826, 154 L. Ed. 2d 753 (2003).

Ms. Johnson asserted claims arising under the federal and State fair housing laws. In <u>Meyer,</u> the United States Supreme Court (SCOTUS) held that the <u>Fair Housing Act</u>, "imposes liability without fault upon the [principal] in accordance with traditional agency principles…" <u>Meyer v. Holley</u>, 537 U.S. 280, 282, 123 S. Ct. 824, 827, 154 L. Ed. 2d 753 (2003).

In <u>Meyer</u>, the SCOTUS determined that HUD regulations deem that,

> […] [C]omplaints alleging Fair Housing Act violations may be filed "against any person who directs or controls, or has the right to direct or control, the conduct of another person with respect to any aspect of the [rental] ... of dwellings ... *if that other person, acting within the scope of his or her authority as employee or agent of the directing or controlling person* (3)27 has engaged ... in a discriminatory housing practice."

<u>Meyer v. Holley</u>, 537 U.S. 280, 288, 123 S. Ct. 824, 830, 154 L. Ed. 2d 753 (2003).

In this case, Ms. Johnson pleaded that Defendants VUT, VUH, SIL, and SUSE signed the facility management agreements for each of the Defendant property management companies. All facts pleaded by her, taken as true, support a reasonable conclusion that each of the Defendant property management companies were acting within the scope of their authority when they violated Ms. Johnson's rights. It would lead to a very absurd result if the Court accepted those fact as true, but rejected the reasonable and logical inference that the same signatories to the facility management agreements lacked rights to direct or control the conduct of their agent property managers.

Because Defendants VUT, VUH, SIL, and SUSE are the principals of the Defendant property management companies, it was not necessary for Ms. Johnson to allege that they directly violated Ms. Johnson's right. She has sufficiently pleaded facts to establish their

9

liability pursuant to the doctrine of respondeat superior. Therefore, this Court must deny the Defendants' Motion to Dismiss.

**3. The Plaintiff should be given leave to amend her Complaint if the Court finds that the Complaint does not sufficiently establish the liability of the Defendants.**

A Rule 12(b)(6) motion should only be granted if "the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." **Reynolds v. School District No. 1**, Denver, Colorado, 69 F.3d 1523, 1536 (10th Cir.1995) (*citing* **Coosewoon v.. Meridian Oil Co**., 25 F.3d 920, 924 (10th Cir.1994). With the allegations set out in the initial complaint and arguments in this Response, Plaintiff believes that she has met the burden needed to avoid dismissal.

If the Court feels that Plaintiff has failed to meet her burden, Plaintiff requests an opportunity to amend her complaint to avoid dismissal. The Court has shown a pattern of scrutinizing motions to dismiss and grants them sparingly. *See* **Bangerter v. Orem City Corp.** 46 F.3d 1491, 1502 (10th Cir.1995) and **Lone Star Industries, Inc. v. Horman Family Trust.** Thus, in noting the Court's adverse feelings towards motions to dismiss and noting the grave injustice a dismissal would be to Plaintiff, Plaintiff should be granted an opportunity to amend her complaint if the factual pleadings in her complaint appear insufficient. *See* **Neitzke v. Williams** and **Curley v. Perry,** 246 F.3d 1278, 1281-82 (10th Cir.2001).

CONCLUSION

For the reasons set forth herein, Ms. Johnson requests that this Court deny the Defendants' Motion to Dismiss. If this Court grants the Defendants' Motion to Dismiss, Ms. Johnson requests leave to amend the Complaint, pursuant to Rule 12 (b) (6).

Date: August 11, 2023

                                            Respectfully Submitted,

                                            s/ Badria Mryyan

                                            Badria Mryyan, OBA # 35018
                                            Legal Aid Services of Oklahoma, Inc.
                                            901 S. Detroit Ave, Suite 725
                                            Tulsa, OK 74210
                                            Telephone: 918-921-1688
                                            Facsimile: 918-683-5690
                                            Email: Badria.Mryyan@laok.org
                                            *Attorney for the Plaintiff*