IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. Renee Eilene Johnson,<br><br>     Plaintiff,<br><br>v.<br><br>1. **PC Woodland Manor, LLC,** an Oklahoma foreign liability company,<br><br>2. **Bridge Property Management, LLC,** An Oklahoma foreign limited liability company,<br><br>3. **RPM Living**, LLC, an Oklahoma registered foreign Limited Liability Company,<br><br>4. **Vesta Realty, LLC**, an Oklahoma foreign limited liability company,<br><br>5. **Woodland Manor's Best Living, LLC**, an Oklahoma foreign limited liability company,<br><br>6. **Skylar Rae Mosby-Gudmundsson**, in her capacity as agent for the corporate entities and in her individual capacity,<br><br>7. **Woodland Manor TIC 1, LLC**, an Oklahoma foreign limited liability company,<br><br>8. **Varia US Tulsa, LLC**, a Delaware Limited Liability Company,<br><br>9. **Varia US Holdings, LLC**, a Delaware Limited Liability Company, | Case No. 23-cv-169-CVE-CDL |

{00686778}

| | |
|---|---|
| 10. **Varia US Properties, AG,** Switzerland, a Swiss real estate company, | ) ) ) ) |
| 11. **Stoneweg Group**, a Geneva, Switzerland based international real estate and investment management firm, | ) ) ) ) ) ) |
| 12. **Stoneweg Investments, LLC**, a Delaware Limited Liability Company, | ) ) ) ) |
| 13. **Stoneweg US employees, LLC,** a Delaware Limited Liability Company, | ) ) ) ) |
| Defendants. | ) |

**MOTION TO DISMISS AND BRIEF IN SUPPORT
OF DEFENDANT SKYLAR RAE MOSBY-GUDMUNDSSON**

COMES NOW Defendant, Skylar Rae Mosby-Gudmundsson (hereinafter "Mosby" or "Defendant"), by and through her counsel of record, Benjamin D. Reed and Jordan L. Berkhouse, of the law firm of Best & Sharp, and hereby files this Motion to Dismiss and Brief in Support pursuant to Fed. R. Civ. Proc. 12(b)(6). Plaintiff has failed to state a claim upon which relief may be granted as to this Defendant and, in any event, Ms. Mosby is not a proper party to this lawsuit. Therefore, Plaintiff's Complaint should be dismissed as a matter of law as to this Defendant. In support of her Motion, Defendant would show the court as follows:

**I.   INTRODUCTION**

On April 27, 2023, Plaintiff filed her Complaint against thirteen (13) named Defendants generally alleging violations of State and Federal fair housing and anti-discrimination laws. Plaintiff's allegations as to this Defendant are conclusory and lack any semblance of specificity as to exactly what actions of this specific Defendant are alleged to constitute a violation of the various

State and Federal laws. Rather, it is apparent that Plaintiff, due to personal animus towards Ms. Mosby, has attempted to envelop her into this litigation. Because Plaintiff has failed to state sufficient facts under a cognizable theory as to this Defendant, and because Ms. Mosby is not a proper party to this litigation, Plaintiff's allegations as to this Defendant should be dismissed pursuant to Fed. R. 12(b)(6) as a matter of law.

## II.     ARGUMENTS AND AUTHORITIES

### A.     Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), (overruled on other grounds, *Twombly*, 550 U.S. at 562-563)). In order to show an "entitlement to relief" a plaintiff must plead "more than labels and conclusions…" *Twombly*, 550 U.S. at 562. The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id*. In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face…" not just conceivable. *Id*. at 570; *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). Plaintiff must do more than make allegations of such a broad scope that they "encompass a wide swath of conduct, much of it innocent." *Robbins*, 519 F.3d at 1247. Rather, plaintiff must allege sufficient facts to "nudge [] their claims across the line from conceivable to plausible." *Id*. (quoting *Twombly*, 127 S. Ct. at 1971 n. 10). Plausibility does not

mean "likely to be true," it means that the allegations must be enough that if assumed to be true the plaintiff plausibly, not merely speculatively, has a claim for relief. *Id*.

A complaint may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Morey v. Miano*, 141 F.Supp.2d 1061 (10th Cir. 2001). Here, Plaintiff has not pled sufficient facts under a cognizable theory as to this Defendant and, therefore, Ms. Mosby should be dismissed as a matter of law.

**B.** **Plaintiff Has Failed to State Sufficient Facts Under a Cognizable Legal Theory as to Defendant Mosby and Therefore Her Claims as to This Defendant Should Be Dismissed as a Matter of Law**

Plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 679. "Plausibility" refers to the scope of the allegations in the complaint. If they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). In large measure then, allegations which simply make "unadorned, the defendant-unlawfully-harmed-me" accusations fail to pass muster. *Iqbal*, 556 U.S. at 678.

In Plaintiff's Complaint, there are various passing references to Defendant Mosby. She of course appears in the first paragraph of the Complaint as a listed party. *See* Doc. #2, ¶ 1. Plaintiff then references Ms. Mosby in paragraphs 12, 13, 14, 15, and 16, wherein she alleges that various Defendant entities are the "principal of Defendants [*sic*] Gudmundsson". *Id.*, ¶¶ 12-16. Plaintiff then explains this principle/agent relationship further by stating that Defendant Mosby "is the property manager for the Woodland Manor Apartments. She is the agent of all corporate

{00686778} 4

Defendants identified herein". *Id.*, ¶ 25. Each of the foregoing paragraphs merely serve to identify the parties and their relationships.[1]

The only specific allegations as to this Defendant directly are found in paragraphs 95,[2] 96, and 100. In paragraphs 95 and 96, Plaintiff alleges as follows:

> 95. On September 28, 2021, Plaintiff's social worker reached out [*sic*] Defendant Skylar Mosby-Gudmundsson by phone to request that Plaintiff be allowed to let her dog go unleashed when outside to prevent Plaintiff from tripping or being pulled down by her dog.
>
> 96. On October 1, 2021, Defendant Mosby-Gudmundsson denied this request, citing concern for city code and stated that Plaintiff could get someone to take her dog outside for her.

*Id*. It seems Plaintiff takes issue with Ms. Mosby's inability to exercise sovereignty over the City of Tulsa by granting Plaintiff the right to violate Tulsa, OK Code of Ordinances Title 2 § 101 which states in pertinent part:

> **It shall be unlawful and an offense** under the terms of this title for any person within the corporate limits of the City of Tulsa to: [] 2. Fail to prevent any dog or cat owned, possessed, kept or harbored by that person from running or being at large, whether such dog or cat is licensed or unlicensed; provided, however, that it shall be permissible for: a. A dog to be led off the premises of its owner **when under leash…**

*Id*., (emphasis added).[3] Stated more concisely, it is unlawful in the City of Tulsa for an owner to allow her dog to roam free off leash outside of a designated off-leash park. As such, on its face, Plaintiff's "Complaint" merely alleges that this Defendant *correctly stated the facts of the law to*

---

[1] Many of which are disputed and patently false, a fact well known to Plaintiff's counsel, but beyond the purview of this Motion.

[2] Each of the paragraphs in Plaintiff's Complaint, subsequent to Paragraph 20, have been misnumbered. For sake of clarity, Defendant will identify each paragraph as they are numbered in Plaintiff's Complaint.

[3] Tulsa City Ordinances are published and can be found here: https://library.municode.com/ok/tulsa/codes/code_of_ordinances?nodeId=TUCOOR. Note that Title 2 of the Tulsa, OK Municipal ordinances was updated to the current text in April of 2021, six (6) months *prior* to the events alleged in ¶¶ 95-96 of Plaintiff's Complaint. *See* https://library.municode.com/ok/tulsa/ordinances/code_of_ordinances?nodeId=1104330. *See also* Fed. R. Ev. 201 (the Court may take judicial notice of adjudicative fact "that is not subject to reasonable dispute because it [] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

*her*. Failure to permit a resident to flagrantly violate City Ordinance hardly qualifies as discrimination.

Finally, Plaintiff alleges that, "Following the receipt of ERAP funds in early 2022, Skylar Mosby Gudmundsson told Plaintiff that if it were not for the ERAP funds they received on Plaintiffs behalf, Defendants would have evicted Plaintiff." *See* Doc. # 2, ¶ 100. Plaintiff does not relate this paragraph to any of her claims and, on its face, it is difficult to see how such a statement of simple fact implicates Defendant personally in any of Plaintiff's broad claims. Failure to pay rent and assessed fees is certainly a valid non-discriminatory ground on which to initiate eviction proceedings. Informing Plaintiff of this information, in and of itself, is neither discriminatory nor harmful and indeed Plaintiff has failed to allege any facts which demonstrate how this statement of fact was in any way discriminatory or otherwise actionable.

Based on the foregoing, Plaintiff has failed to allege sufficient facts under *any* cognizable theory as to Defendant Mosby. More specifically, Plaintiff has failed to plead any facts that demonstrate Ms. Mosby violated any State or Federal anti-discrimination laws, that she violated any state or federal landlord and tenant laws. Furthermore, Plaintiff has failed to demonstrate that this Defendant personally entered into a contract with Plaintiff, let alone that she acted in any way so as to breach the contract or lease agreement held between Plaintiff and the owners of the property. As such, Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, Plaintiff has made allegations of such a broad scope as to this Defendant that they "encompass a wide swath of conduct, much of it innocent." *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). Therefore, according to the standards announced in *Twombly*, *Iqbal*, and *Robbins supra*, Plaintiff has failed

to state a facially plausible claim as to Defendant Mosby and, as such, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's claims as to Ms. Mosby should be dismissed as a matter of law.

C.   **Defendant Mosby is not a Proper Party to this Lawsuit**

The foregoing notwithstanding, even if Plaintiff *had* stated a claim as to Defendant Mosby (she has not), any fault for such claim would be properly attributable to the various principal entities already named in this lawsuit. At no point in her Complaint has Plaintiff pled any facts which demonstrate an independent relationship between her and Ms. Mosby such that would give rise to a duty owed by Ms. Mosby to the Plaintiff separate and apart from Ms. Mosby's status as an employee. Rather, it is abundantly clear that Plaintiff's only interaction with Ms. Mosby is pursuant to her employment with the various named entity Defendants. That is to say, Plaintiff has not stated any claim against Ms. Mosby in her individual capacity but rather only pursuant to her employment. "[I]t is well established that the [Fair Housing] Act provides for vicarious liability… It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *Meyer v. Holley*, 537 U.S. 280, 285 (2003); *see also* Doc. # 33, pp. 8-9 (wherein Plaintiff discusses *Meyer* and the applicability of vicarious liability and *respondeat superior* in the context of Federal and State fair housing laws).[4] As alleged in paragraphs 12-16 of Plaintiff's Complaint, each of the principles that could potentially be liable for any alleged violation of any Federal or State fair housing statute (which is not admitted but expressly denied) has been separately named in this lawsuit. Furthermore, as previously stated, Plaintiff has failed to allege that Ms. Mosby, individually, entered into any contract with Plaintiff and therefore cannot be liable for any alleged breach of contract. As such, Ms. Mosby is not a proper party as any alleged

---

[4] Defendant does not in any way admit or adopt the arguments pressed by Plaintiff in Doc. # 33.

{00686778}                                                       7

violation by her in the course and scope of her employment (which is not admitted but expressly denied) would be properly attributed to the entity parties already named in this matter. Therefore, Defendant Mosby should be dismissed from this action.

### III. CONCLUSION

Plaintiff has failed to state a claim as to Defendant Mosby upon which relief may be granted. More specifically, Plaintiff has failed to plead such facts that demonstrate on their face a plausible claim as to this Defendant. Instead, she has made general averments which do not, in and of themselves, permit the Court to draw the reasonable inference that this Defendant is liable for *any* misconduct, let alone that which is alleged by Plaintiff. Furthermore, even if plaintiff had stated a claim, nevertheless the liability for any such claim would be properly attributable to the other named entity Defendants as they would be vicariously liable for any such acts. Therefore, Plaintiff's claims against this Defendant should be dismissed as a matter of law.

WHEREFORE, premises considered, Defendant, Skylar Rae Mosby-Gudmundsson, respectfully requests an Order from the Court dismissing all of Plaintiff's claims as to this Defendant and awarding it the fees and costs incurred in obtaining said Order, along with any other affirmative relief the Court deems just and appropriate.

Respectfully submitted,

BEST & SHARP

s/Jordan L. Berkhouse
Benjamin D. Reed, OBA #22696
Jordan L. Berkhouse, OBA #33835
1 West Third Street, Suite 900
Williams Center Tower I
Tulsa OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
breed@bestsharp.com
jberkhouse@bestsharp.com
*Attorneys for Defendants,*
*Vesta Realty, LLC, Woodland Manor's Best Living, LLC, Woodland Manor TIC 1, LLC, and Skylar Rae Mosby-Gudmundsson*

CERTIFICATE OF SERVICE

I hereby certify that on 24th day of August, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Badria Mryyan, OBA #35018
Badria.Mryyan@laok.org
*Attorneys for Plaintiff*

J. Randall Coffey, Admitted Pro Hac Vice
rcoffey@fisherphillips.com
*Attorney for Defendant, Bridge Property Management, L.C.*

Nathan L. Whatley, OBA #14601
nathan.whatley@mcafeetaft.com
*Attorney for Defendants, PC Woodland Manor, LLC, Varia US Tulsa, LLC, Varia US Holdings, LLC, Stoneweg US Employees, LLC, and Stoneweg Investments, LLC*

s/Jordan L. Berkhouse