IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| 1. Renee Eilene Johnson,<br><br>    Plaintiff,<br><br>v.<br><br>1. **PC Woodland Manor, LLC,** an Oklahoma foreign liability company,<br><br>2. **Bridge Property Management, LLC,** An Oklahoma foreign limited liability company,<br><br>3. **RPM Living**, LLC, an Oklahoma registered foreign Limited Liability Company,<br><br>4. **Vesta Realty, LLC**, an Oklahoma foreign limited liability company,<br><br>5. **Woodland Manor's Best Living, LLC**, an Oklahoma foreign limited liability company,<br><br>6. **Skylar Rae Mosby-Gudmundsson**, in her capacity as agent for the corporate entities and in her individual capacity,<br><br>7. **Woodland Manor TIC 1, LLC**, an Oklahoma foreign limited liability company,<br><br>8. **Varia US Tulsa, LLC**, a Delaware Limited Liability Company,<br><br>9. **Varia US Holdings, LLC**, a Delaware Limited Liability Company, | Case No. 23-cv-169-CVE-CDL |

{00690424}

| | |
|---|---|
| 10. **Varia US Properties, AG,** Switzerland, a Swiss real estate company, | ) ) ) ) |
| 11. **Stoneweg Group**, a Geneva, Switzerland based international real estate and investment management firm, | ) ) ) ) ) ) |
| 12. **Stoneweg Investments, LLC**, a Delaware Limited Liability Company, | ) ) ) ) |
| 13. **Stoneweg US employees, LLC,** a Delaware Limited Liability Company, | ) ) ) ) |
| Defendants. | ) |

**MOTION TO DISMISS AND BRIEF IN SUPPORT
OF DEFENDANT SKYLAR RAE MOSBY-GUDMUNDSSON**

COMES NOW Defendant, Skylar Rae Mosby-Gudmundsson (hereinafter "Mosby" or "Defendant"), by and through her counsel of record, Benjamin D. Reed, and Jordan L. Berkhouse, of the law firm of Best & Sharp, and hereby files this Motion to Dismiss and Brief in Support pursuant to Fed. R. Civ. Proc. 12(b)(6). Plaintiff has failed to state a claim upon which relief may be granted as to this Defendant and, in any event, Ms. Mosby is not a proper party to this lawsuit. Therefore, Plaintiff's Amended Complaint should be dismissed as a matter of law as to this Defendant. In support of her Motion, Defendant would show the court as follows:

**I.   INTRODUCTION**

On April 27, 2023, Plaintiff filed her Complaint against thirteen (13) named Defendants generally alleging violations of State and Federal fair housing and anti-discrimination laws. *See* Doc. # 2. Defendant filed a Motion to Dismiss Plaintiff's allegations against her on August 24, 2023. *See* Doc. # 44. In response to this and other Motions to Dismiss, Plaintiff filed her First

Amended Complaint on September 11, 2023. *See* Doc. #54. Pursuant to the Court's Order, Plaintiff filed her "Corrected First Amended Complaint" on September 14, 2023, in order to correct the name of certain Defendants. *See* Doc. # 55 and 56, respectively.

Plaintiff's allegations as to this Defendant are conclusory and, in any event, the specific actions alleged do not constitute a violation of the various State and Federal laws. Rather, it is apparent that Plaintiff, due to personal animus towards Ms. Mosby, has attempted to envelop her into this litigation. Because Plaintiff has failed to state sufficient facts under a cognizable theory as to this Defendant, and because Ms. Mosby is not a proper party to this litigation, Plaintiff's allegations as to this Defendant should be dismissed pursuant to Fed. R. 12(b)(6) as a matter of law.

## II.   ARGUMENTS AND AUTHORITIES

### A.   Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), (overruled on other grounds, *Twombly*, 550 U.S. at 562-563)). In order to show an "entitlement to relief" a plaintiff must plead "more than labels and conclusions…" *Twombly*, 550 U.S. at 562. The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id*. In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face…" not just conceivable. *Id*. at 570; *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). Plaintiff must do more than make allegations of such a broad scope that they "encompass a wide swath of conduct, much of it innocent." *Robbins*, 519 F.3d at 1247. Rather, plaintiff must allege sufficient facts to "nudge [] their claims across the line from conceivable to plausible." *Id*. (quoting *Twombly*, 127 S. Ct. at 1971 n. 10). Plausibility does not mean "likely to be true," it means that the allegations must be enough that if assumed to be true the plaintiff plausibly, not merely speculatively, has a claim for relief. *Id*.

A complaint may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Morey v. Miano*, 141 F.Supp.2d 1061 (10th Cir. 2001). Here, Plaintiff has not pled sufficient facts under a cognizable theory as to this Defendant and, therefore, Ms. Mosby should be dismissed as a matter of law.

      **B.**    **Plaintiff Has Failed to State Sufficient Facts Under a Cognizable Legal Theory as to Defendant Mosby and Therefore Her Claims as to This Defendant Should Be Dismissed as a Matter of Law**

Plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 679. "Plausibility" refers to the scope of the allegations in the complaint. If they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). In large measure then, allegations which simply make "unadorned, the defendant-unlawfully-harmed-me" accusations fail to pass muster. *Iqbal*, 556 U.S. at 678.

In Plaintiff's Amended Complaint, there are various passing references to Defendant Mosby. She of course appears in the first paragraph of the Amended Complaint as a listed party.

{00690424}    4

*See* Doc. #56, ¶ 1. Plaintiff then references Ms. Mosby in paragraphs 12, 13, 14, 15, and 16, wherein she alleges that various Defendant entities are the "principal of Defendant Gudmundsson". *Id*., ¶¶ 12-16. Plaintiff then explains this principle/agent relationship further by stating that Defendant Mosby "is the property manager for the Woodland Manor Apartments. She is the agent of all corporate Defendants identified herein." *Id.*, ¶ 23. Each of the foregoing paragraphs merely serve to identify the parties and their relationships[1].

Otherwise, there is sparse reference to this Defendant directly found throughout Plaintiff's thirty-five (35) page, two hundred and twenty-one (221) paragraph[2] Amended Complaint. The first of these is found in paragraphs 106 and 107 where Plaintiff alleges as follows:

> 106. On September 28, 2021, Plaintiff's social worker reached out to Defendant Skylar Mosby-Gudmundsson by phone to request that Plaintiff be allowed to let her dog go unleashed when outside to prevent Plaintiff from tripping or being pulled down by her dog.
>
> 107. On October 1, 2021, Defendant Mosby-Gudmundsson denied this request, citing concern for city code and stated that Plaintiff could get someone to take her dog outside for her. Plaintiff lives alone.

*Id*. It seems Plaintiff takes issue with Ms. Mosby's inability to exercise sovereignty over the City of Tulsa by granting Plaintiff the right to violate Tulsa, OK Code of Ordinances Title 2 § 101 which states in pertinent part:

> **It shall be unlawful and an offense** under the terms of this title for any person within the corporate limits of the City of Tulsa to: []
>
> > 2. Fail to prevent any dog or cat owned, possessed, kept, or harbored by that person from running or being at large, whether such dog or cat is licensed or unlicensed; provided, however, that it shall be permissible for:
> >
> > > a. A dog to be led off the premises of its owner **when under leash…**

---

[1] Many of these assertions as to the relationships of various parties are disputed and patently false, a fact well known to Plaintiff's counsel, but beyond the purview of this Motion.

[2] Including the eleven (11) paragraphs under the "Relief Requested" section of the Amended Complaint.

*Id*. (emphasis added).³ Stated more concisely, it is unlawful in the City of Tulsa for an owner to allow her dog to roam free off leash outside of a designated off-leash park. As such, on its face, Plaintiff's allegations merely demonstrate that this Defendant *correctly stated the facts of the law to her*. Failure to permit a resident to flagrantly violate City Ordinance hardly qualifies as discrimination.

Next, Plaintiff alleges that, "Following the receipt of ERAP funds in early 2022, Skylar Mosby Gudmundsson told Plaintiff that if it were not for the ERAP funds they received on Plaintiffs behalf, Defendants would have evicted Plaintiff." *See* Doc. # 2, ¶ 111. Plaintiff does not relate this paragraph to any of her claims and, on its face, it is difficult to see how such a statement of simple fact implicates Defendant personally in any of Plaintiff's broad claims. Failure to pay rent and assessed fees is certainly a valid non-discriminatory ground on which to initiate eviction proceedings. Informing Plaintiff of this information, in and of itself, is neither discriminatory nor harmful and indeed Plaintiff has failed to allege any facts which demonstrate how this statement of fact was in any way discriminatory or otherwise actionable.

The only new allegations Plaintiff has raised against Defendant Mosby in her Amended Complaint are found in paragraphs 141 – 145, and 150. To summarize, in this section, Plaintiff alleges that she was informed "on or about June 7th or June 8th" that partial payments, i.e., payments that did not include the full amount owed for June rent and the assessed late fees, would not be accepted. *See* Doc. 56, ¶ 138. Plaintiff does not dispute that the rent payment was late or that she

---

³ Tulsa City Ordinances are published and can be found here: https://library.municode.com/ok/tulsa/codes/code_of_ordinances?nodeId=TUCOOR. Note that Title 2 of the Tulsa, OK Municipal ordinances was updated to the current text in April of 2021, six (6) months *prior* to the events alleged in ¶¶ 106-107 of Plaintiff's Amended Complaint. *See* https://library.municode.com/ok/tulsa/ordinances/code_of_ordinances?nodeId=1104330. *See also Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997) ("We conclude it was entirely appropriate for the district court to take judicial notice of the provisions of Ordinance 863. Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party.") (citing Fed. R. Evid. 201).

owed a late fee. She then alleges, having already been informed that partial payments would not be accepted, that she nevertheless tendered only partial payment for her **July** rent. *Id*. ¶¶ 139. **Plaintiff does not aver that she ever paid her June rent or associated late fee**. *Id*. This is further evidenced in Plaintiff's allegation that, on July 11, 2023, Plaintiff received a five-day notice to pay rent or quit stating she owed two (2) months' rent and late fees for both months. *Id*. ¶ 140. Recall that **Plaintiff has already alleged that she was previously put on notice, as far back as early 2022 – more than a year before this litigation began – that failure to pay her rent and assessed late fees timely could result in eviction proceedings**. *Id*. ¶ 111. Plaintiff goes on to allege that, on July 24, 2023, she signed a document without reading it, her partial payment money order was returned, and she was *once again informed* that partial payments would not be accepted. *Id*. ¶¶ 141-145. Plaintiff does not allege that she attempted to pay her past due rent or fees. On August 1, 2023, she attempted to pay **only August's rent.** Being more than five days since the issuance of the July 11, 2023, five-day notice to pay rent or quit, Plaintiff's payment was rejected as eviction proceedings would soon be underway. *Id*. ¶¶ 149, 150. Plaintiff's *counsel* explains that these actions "felt like retaliation" under the Fair Housing Act. Plaintiff's counsel is entitled to her feelings, but they do not constitute the measure of the law. **Plaintiff does not allege or explain** how Ms. Mosby's actions of 1) returning her partial payment from July that she had already been told would not be accepted, and 2) informing Plaintiff *again* that partial payment would not be accepted, and 3) refusing to accept Plaintiff's partial payment for August due to Plaintiff having failed to comply with a validly issued five-day notice to pay rent or quit and resultant eviction proceedings violates the Fair Housing act or *any other* State or Federal anti-discrimination laws or landlord tenant laws. That is to say, Plaintiff's allegations are no more than "labels and

conclusions" and therefore are inadequate to overcome a motion to dismiss. *Robbins,* 519 F.3d, 1247-48.

Based on the foregoing, Plaintiff has failed to allege sufficient facts under *any* cognizable theory as to Defendant Mosby. More specifically, Plaintiff has failed to plead any facts that demonstrate Ms. Mosby violated any State or Federal anti-discrimination laws, that she violated any state or federal landlord and tenant laws. Furthermore, Plaintiff has failed to demonstrate that this Defendant personally entered into a contract with Plaintiff, let alone that she acted in any way so as to breach the contract or lease agreement held between Plaintiff and the owners of the property. As such, Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, Plaintiff has made allegations of such a broad scope as to this Defendant that they "encompass a wide swath of conduct, much of it innocent." *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). Therefore, according to the standards announced in *Twombly*, *Iqbal*, and *Robbins supra*, Plaintiff has failed to state a facially plausible claim as to Defendant Mosby and, as such, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's claims as to Ms. Mosby should be dismissed as a matter of law.

    C.    **Defendant Mosby is not a Proper Party to this Lawsuit**

The foregoing notwithstanding, even if Plaintiff *had* stated a claim as to Defendant Mosby (she has not), any fault for such claim would be properly attributable to the various principal entities already named in this lawsuit. At no point in her Amended Complaint has Plaintiff pled any facts which demonstrate an independent relationship between her and Ms. Mosby such that would give rise to a duty owed by Ms. Mosby to the Plaintiff separate and apart from Ms. Mosby's status as an employee. Rather, it is abundantly clear that Plaintiff's only interaction with Ms. Mosby is pursuant to her employment with the various named entity Defendants. That is to say,

Plaintiff has not stated any claim against Ms. Mosby in her individual capacity but rather only pursuant to her employment. "[I]t is well established that the [Fair Housing] Act provides for vicarious liability… It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *Meyer v. Holley*, 537 U.S. 280, 285 (2003); *see also* Doc. # 33, pp. 8-9 (wherein Plaintiff discusses *Meyer* and the applicability of vicarious liability and *respondeat superior* in the context of Federal and State fair housing laws).[4] As alleged in paragraphs 12-16 of Plaintiff's Amended Complaint, each of the principles that could potentially be liable for any alleged violation of any Federal or State fair housing statute (which is not admitted but expressly denied) has been separately named in this lawsuit. Furthermore, as previously stated, Plaintiff has failed to allege that Ms. Mosby, individually, entered into any contract with Plaintiff and therefore cannot be liable for any alleged breach of contract. As such, Ms. Mosby is not a proper party as any alleged violation by her in the course and scope of her employment (which is not admitted but expressly denied) would be properly attributed to the entity parties already named in this matter. Therefore, Defendant Mosby should be dismissed from this action.

## III. CONCLUSION

Plaintiff has failed to state a claim as to Defendant Mosby upon which relief may be granted. More specifically, Plaintiff has failed to plead such facts that demonstrate on their face a plausible claim as to this Defendant. Instead, she has made general averments which do not, in and of themselves, permit the Court to draw the reasonable inference that this Defendant is liable for *any* misconduct, let alone that which is alleged by Plaintiff. Furthermore, even if plaintiff had stated a claim, nevertheless the liability for any such claim would be properly attributable to the

---

[4] Defendant does not in any way admit or adopt the arguments pressed by Plaintiff in Doc. # 33.

other named entity Defendants as they would be vicariously liable for any such acts. Therefore, Plaintiff's claims against this Defendant should be dismissed as a matter of law.

WHEREFORE, premises considered, Defendant, Skylar Mosby-Gudmundsson, respectfully requests an Order from the Court dismissing all of Plaintiff's claims as to this Defendant and awarding it the fees and costs incurred in obtaining said Order, along with any other affirmative relief the Court deems just and appropriate.

Respectfully submitted,

BEST & SHARP

*s/ Jordan L. Berkhouse*
Benjamin D. Reed, OBA #22696
Jordan L. Berkhouse, OBA #33835
1 West Third Street, Suite 900
Williams Center Tower I
Tulsa OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
breed@bestsharp.com
jberkhouse@bestsharp.com
*Attorneys for Defendants,*
*Vesta Realty, LLC, Woodland Manor's Best*
*Living, LLC, Woodland Manor TIC 1, LLC,*
*and Skylar Rae Mosby-Gudmundsson*

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on 28th day of September, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Teresa L. Webster, OBA #30767
teressa.webster@laok.org
*Attorney for Plaintiff*

J. Randall Coffey, Admitted Pro Hac Vice
rcoffey@fisherphillips.com
*Attorney for Defendant, Bridge Property Management, L.C.*

Nathan L. Whatley, OBA #14601
nathan.whatley@mcafeetaft.com
*Attorney for Defendants, PC Woodland Manor, LLC,*
*Varia US Tulsa, LLC, Varia US Holdings, LLC,*
*Stoneweg US Employees, LLC, and Stoneweg*
*Investments, LLC*

                     *s/ Jordan L. Berkhouse*