IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

1. Renee Eilene Johnson,

   Plaintiff,

v.

1. **PC Woodland Manor, LLC,** an Oklahoma foreign liability company,

2. **Bridge Property Management, LLC,** An Oklahoma foreign limited liability company,

3. **RPM Living**, LLC, an Oklahoma registered foreign Limited Liability Company,

4. **Vesta Realty, LLC**, an Oklahoma foreign limited liability company,

5. **Woodland Manor's Best Living, LLC**, an Oklahoma foreign limited liability company,

6. **Skylar Rae Mosby-Gudmundsson**, in her capacity as agent for the corporate entities and in her individual capacity,

7. **Woodland Manor TIC 1, LLC**, an Oklahoma foreign limited liability company,

8. **Varia US Tulsa, LLC**, a Delaware Limited Liability Company,

Case No. 23-cv-169-CVE-CDL

9. **Varia US Holdings, LLC**, a Delaware Limited Liability Company,

10. **Varia US Properties, AG,** Switzerland, a Swiss real estate company,

11. **Stoneweg Group**, a Geneva, Switzerland based international real estate and investment management firm,

12. **Stoneweg Investments, LLC**, a Delaware Limited Liability Company,

13. **Stoneweg US employees, LLC,** a Delaware Limited Liability Company,

Defendants.

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANTS WOODLAND MANOR'S BEST LIVING, LLC, AND WOODLAND MANOR TIC 1, LLC

COME NOW Defendants, Woodland Manor's Best Living, LLC, and Woodland Manor TIC 1, LLC, (hereinafter "Defendants"), by and through their counsel of record, Benjamin D. Reed and Jordan L. Berkhouse, of the law firm of Best & Sharp, and hereby file this Motion to Dismiss and Brief in Support pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff has failed to state a claim upon which relief may be granted as to these Defendants specifically. Therefore, Plaintiff's Complaint should be dismissed as a matter of law as to these Defendants. In support of their Motion, Defendants would show the court as follows:

**I.     INTRODUCTION**

On April 27, 2023, Plaintiff filed her Complaint against thirteen (13) named Defendants generally alleging violations of State and Federal fair housing and anti-discrimination laws. *See* Doc. # 2. Defendant filed a Motion to Dismiss Plaintiff's allegations against her on August 24,

2023. *See* Doc. # 44. In response to this and other Motions to Dismiss, Plaintiff filed her First Amended Complaint on September 11, 2023. *See* Doc. #54. Pursuant to the Court's Order, Plaintiff filed her "Corrected First Amended Complaint" on September 14, 2023, in order to correct the name of certain Defendants. *See* Doc. # 55 and 56, respectively.

Plaintiff's allegations as to these Defendants are conclusory and lack any semblance of specificity as to exactly what actions of these specific Defendants are alleged to constitute a violation of the various State and Federal laws. Indeed, rather than state any allegations specific to these Defendants, Plaintiff has simply pled in broad conclusory statements that each Defendant is a co-conspirator with the other and therefore jointly liable for the various actions alleged. Such threadbare accusations are insufficient to state a claim. Furthermore, based on the face of her allegations, these Defendants did not even exist until well after the majority of the actions complained of, and the only actions which occurred thereafter, are facially non-discriminatory. Finally, Plaintiff has failed to state a *prima facie* claim as to these Defendants under any of her theories of recovery. Therefore, because Plaintiff has failed to state sufficient facts under a cognizable legal theory as to these Defendants, Plaintiff's claims as to these Defendants should be dismissed pursuant to Fed. R. 12(b)(6) as a matter of law.

## II.   ARGUMENTS AND AUTHORITIES

### A.   Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), (overruled on other grounds, *Twombly*, 550 U.S. at 562-563)). In order to show an "entitlement to relief" a plaintiff must plead "more than labels and conclusions…" *Twombly*, 550 U.S. at 562. The

initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id*. In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face…" not just conceivable. *Id*. at 570; *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "Plausibility" refers to the scope of the allegations in the complaint. If the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). In large measure then, allegations which simply make "unadorned, the defendant-unlawfully-harmed-me" accusations fail to pass muster. *Iqbal*, 556 U.S. at 678. In other words, plaintiff must allege sufficient facts to "nudge [] their claims across the line from conceivable to plausible." *Id*. (quoting *Twombly*, 127 S. Ct. at 1971 n. 10).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Morey v. Miano*, 141 F.Supp.2d 1061 (10th Cir. 2001). Here, Plaintiff has not pled sufficient facts under a cognizable theory as to these Defendants and, therefore, these Defendants should be dismissed as a matter of law.

    **B.**    **Plaintiff Has Failed to State Sufficient Facts Under a Cognizable Legal Theory as to these Defendants and Therefore Her Claims as to These Defendants Should Be Dismissed as a Matter of Law**

In Plaintiff's Complaint, there are various references to Woodland Manor's Best Living, LLC, (referred to in Plaintiff's Complaint as WMBL) and Woodland Manor TIC 1, LLC (referred

to in Plaintiff's Complaint as WMT). In paragraph 15, Plaintiff makes the unadorned, facially speculative, statement regarding Defendant Woodland Manor TIC 1, LLC: "It is **believed** to be the alter ego of the Defendant PCWM. Additionally, it is the agent and principal of PCWM." *See* Doc. # 56, ¶ 15 (emphasis added). Similarly, in Paragraph 16, Plaintiff makes the similarly unadorned, facially speculative, statement regarding Defendant Woodland Manor's Best living: "It is **believed** to be the alter ego of the Defendant PCWM." *Id.* ¶ 16 (emphasis added).[1] These statements *on their face* are conclusory and speculative. Later, Plaintiff alleges "Defendants WMBL and WMT are the new PropCo, LLCs for the Woodland Manor Apartments. Based upon Varia's statement of ownership of Woodland Manor Apartments, WMBL and WMT are the subsidiaries of Varia."[2] *Id.* ¶ 38. This too is conclusory and pure speculation. That is, these "[f]actual allegations [are insufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 562. All other references to these Defendants are generic, "[defendant] is a coconspirator with all named Defendants, and it has aided and abetted the remaining Defendants in the unlawful conduct complained of herein." *See e.g.*, ¶ 15. These Defendants cannot be haphazardly lumped into an amorphous "they harmed me" group of other Defendants. This is the quintessence of "unadorned, the defendant-unlawfully-harmed-me" accusations which necessarily fail to pass muster. *See Iqbal*, 556 U.S. at 678. Nowhere does Plaintiff plausibly (or honestly) allege how these Defendants have in any way caused or directed any action so as to violate the various State and Federal anti-discrimination laws cited by Plaintiff. Therefore, Plaintiff's claim lacks "facial plausibility." Plaintiff has failed to state any claims as to these Defendants specifically from which the Court could reasonably conclude that *these* Defendants are liable for the alleged

---

[1] Plaintiff's counsel is aware that both of these statements are false but has chosen to reassert them knowing they are false. *See* Fed. R. Civ. P. 11(b)(3).

[2] *See* fn. 1 *supra*.

misconduct. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 667 (citing *Twombly*, *supra*) (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

Based on the foregoing, Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, Plaintiff has proffered general, conclusory, and speculative assertions as to all entity Defendants generally. Therefore, according to the standards announced in *Twombly* and *Iqbal supra*, Plaintiff has failed to state a facially plausible claim as to *these* Defendants specifically and, as such, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's claims as to these Defendants should be dismissed as a matter of law.

### C. Plaintiff Has Failed to Identify Any Discriminatory Actions as Pertains to These Defendants

The only paragraphs in Plaintiff's Complaint regarding these two entities which contain anything other than rank speculation are paragraphs, 15, 16, and 131. In paragraph 15, Plaintiff indicates that Defendant WMT is a foreign limited liability company formed in Delaware **on August 24, 2022**. *See* Doc # 56, ¶ 15. Similarly, in paragraph 16, Plaintiff states that Defendant WMBL is also a foreign limited liability company formed in Delaware **on June 6, 2022**. *Id*. ¶ 16. That is to say, **these entities did not even exist during the majority of the complained of actions and therefore cannot possibly be liable for them**. In paragraph 131, Plaintiff alleges, "Conciliation efforts became less effective upon PC Woodland Manor, LLC selling Woodland Manor to Woodland Manor's Best Living, LLC on **October 11, 2022**." *Id*. ¶ 131. According to Plaintiff's own allegations, Defendant WMBL did not take ownership of the subject property until long after the majority of the alleged misconduct.

In paragraphs 49-122 of Plaintiff's Complaint, she identifies all "Incidents of Alleged Discrimination". *See* Doc. # 56, ¶¶ 49-122. It is not until paragraph 122 that Plaintiff finally makes an allegation regarding actions that transpired after October 11, 2022, the date that these Defendants finalized the sale of the property. In paragraph 122, Plaintiff alleges: "On or about October 19, 2022, Defendants' agents sprayed Plaintiffs [*sic*] unit for pests, despite Plaintiff previously informing them that the pesticide used triggers migraines and other problems for Plaintiff." *See* Doc. # 2, ¶ 122. On its face, treatment for pests is not discriminatory. In any event, Plaintiff has failed to allege how *these* Defendants specifically are in any way responsible for this alleged action.

The only other issue complained of by Plaintiff which persisted as of October 11, 2022, was Plaintiff's request to allow her dogs to roam at large without a leash. Tulsa, OK Code of Ordinances Title 2 § 101 states in pertinent part:

> **It shall be unlawful and an offense** under the terms of this title for any person within the corporate limits of the City of Tulsa to: [] 2. Fail to prevent any dog or cat owned, possessed, kept, or harbored by that person from running or being at large, whether such dog or cat is licensed or unlicensed; provided, however, that it shall be permissible for: a. A dog to be led off the premises of its owner **when under leash…**

*Id*., (emphasis added).[3] Stated more concisely, it is unlawful in the City of Tulsa for an owner to allow her dog to roam free off leash outside of a designated off-leash park. Obviously, these entities lack the authority to grant Plaintiff *carte blanche* to violate Tulsa City Ordinance and their failure to do so cannot conceivably constitute discrimination under any lens.

---

[3] Tulsa City Ordinances are published and can be found here: https://library.municode.com/ok/tulsa/codes/code_of_ordinances?nodeId=TUCOOR. Note that Title 2 of the Tulsa, OK Municipal ordinances was updated to the current text in April of 2021, six (6) months *prior* to the events alleged in ¶¶ 106-107 of Plaintiff's Amended Complaint. *See* https://library.municode.com/ok/tulsa/ordinances/code_of_ordinances?nodeId=1104330. *See also Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997) ("We conclude it was entirely appropriate for the district court to take judicial notice of the provisions of Ordinance 863. Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party.") (citing Fed. R. Evid. 201).

Lastly, in paragraphs 133-155, Plaintiff describes actions which, according to her attorney, "felt like retaliation". Defendant hereby incorporates all arguments contained in the Motion to Dismiss filed by Defendant Mosby-Gudmundsson. *See* Doc. #58. Defendant would further point out that, on its face, Plaintiff's allegations make clear that Plaintiff was delinquent in her rent payments, refused to pay assessed fees, received a valid five-day notice to pay rent or quit, and failed to comply with the notice. **Plaintiff does not deny these facts**. As such, on its face, Defendants alleged actions of initiated eviction proceedings **based on failure to pay rent and late fees for two months** was reasonable, non-discriminatory, and non-retaliatory. [4]

Plaintiff has failed to allege sufficient facts under *any* cognizable theory as to these Defendants. More specifically, Plaintiff has failed to allege facts which demonstrate that these Defendants acted in any way so as to discriminate against or otherwise harm Plaintiff. Indeed, according to her own allegations, these Defendants **did not even exist at the time the majority of the actions complained of took place**. Those that occurred or persisted after these Defendants were created and subsequently took ownership of the subject property are manifestly non-discriminatory acts. Therefore, because Plaintiff has failed to state sufficient facts under a cognizable legal theory as to these Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), her claims against these Defendants should be dismissed as a matter of law.

D. **Plaintiff Has Failed to State Any Prima Facie Case as to These Defendants**

Plaintiff later references the various alleged misconduct in the section titled "Injury to Plaintiff." All of the specific actions complained of and then referenced in the sections under "Claim 1" through "Claim 6" all occurred **prior to these Defendants even coming into existence**

---

[4] Plaintiff alleges, "The district court dismissed the case holding that the Defendants WBML [*sic*] and WMT failed to comply with the federal regulations that governed the contract." See Doc. # 56, ¶ 155. More specifically, the Court held that Plaintiff failed to comply with 24 CFR § 982.310(e)(2)(ii): "The owner must give the PHA [public housing authority] a copy of any owner eviction notice to the tenant."

**and before they became owners of the subject property**. *See* Doc. # 56, ¶¶ 160-194. Under each alleged "Claim," Plaintiff fails to state in any way what actions *these* specific Defendants committed which violated the various anti-discrimination laws. As for "Claim 7", Plaintiff fails even to allege the existence of a contract between her and these Defendants, let alone what sections specifically were breached or what actions are alleged to have breached any alleged contract. Id. ¶¶ 195-198. That is to say, Plaintiff has failed even to allege the bare minimum to state a *prima facie* case for breach of contract as to this Defendant.

As such, Plaintiff has failed to allege sufficient facts to state a *prima facie* case as to these Defendants for *any* alleged misconduct and has failed to demonstrate how these Defendants are culpable for the various alleged violations. Therefore, Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's claims against these Defendants should be dismissed as a matter of law.

### III. CONCLUSION

Plaintiff has failed to state a claim as to these Defendants upon which relief may be granted. Plaintiff has made only general averments, mostly regarding events that occurred prior to these entities even coming into existence, and which do not, in and of themselves, permit the Court to draw the reasonable inference that these Defendants *specifically* are liable for any misconduct. Therefore, Plaintiff's claims against these Defendants should be dismissed as a matter of law.

WHEREFORE, premises considered, Defendants, Woodland Manor's Best Living, LLC, and Woodland Manor TIC 1, LLC, respectfully request an Order from the Court dismissing all of Plaintiff's claims against them and awarding them the fees and costs incurred in obtaining said Order, along with any other affirmative relief the Court deems just and appropriate.

        Respectfully submitted,

        Best & Sharp

        *s/ Jordan L. Berkhouse*
        Benjamin D. Reed, OBA #22696
        Jordan L. Berkhouse, OBA #33835
        1 West Third Street, Suite 900
        Williams Center Tower I
        Tulsa OK 74103
        Telephone: (918) 582-1234
        Facsimile: (918) 585-9447
        breed@bestsharp.com
        jberkhouse@bestsharp.com
        *Attorneys for Defendants,*
        *Vesta Realty, LLC, Woodland Manor's Best*
        *Living, LLC, Woodland Manor TIC 1, LLC,*
        *and Skylar Rae Mosby*

## CERTIFICATE OF SERVICE

        I hereby certify that on the 28th day of September, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Teresa L. Webster, OBA #30767
teressa.webster@laok.org
*Attorney for Plaintiff*

J. Randall Coffey, Admitted Pro Hac Vice
rcoffey@fisherphillips.com
*Attorney for Defendant, Bridge Property Management, L.C.*

Nathan L. Whatley, OBA #14601
nathan.whatley@mcafeetaft.com
*Attorney for Defendants, PC Woodland Manor, LLC,*
*Varia US Tulsa, LLC, Varia US Holdings, LLC,*
*Stoneweg US Employees, LLC, and Stoneweg*
*Investments, LLC*

        *s/ Jordan L. Berkhouse*