IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

1. Renee Eilene Johnson,

   Plaintiff,

v.

1. **PC Woodland Manor, LLC,** an Oklahoma foreign liability company,

2. **Bridge Property Management, LLC,** An Oklahoma foreign limited liability company,

3. **RPM Living**, LLC, an Oklahoma registered foreign Limited Liability Company,

4. **Vesta Realty, LLC**, an Oklahoma foreign limited liability company,

5. **Woodland Manor's Best Living, LLC**, an Oklahoma foreign limited liability company,

6. **Skylar Rae Mosby-Gudmundsson**, in her capacity as agent for the corporate entities and in her individual capacity,

7. **Woodland Manor TIC 1, LLC**, an Oklahoma foreign limited liability company,

8. **Varia US Tulsa, LLC**, a Delaware Limited Liability Company,

Case No. 23-cv-169-CVE-CDL

9. **Varia US Holdings, LLC**, a Delaware Limited Liability Company,

10. **Varia US Properties, AG,** Switzerland, a Swiss real estate company,

11. **Stoneweg Group**, a Geneva, Switzerland based international real estate and investment management firm,

12. **Stoneweg Investments, LLC**, a Delaware Limited Liability Company,

13. **Stoneweg US employees, LLC,** a Delaware Limited Liability Company,

Defendants.

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT VESTA REALTY, LLC

COMES NOW Defendant, Vesta Realty, LLC, (hereinafter "Vesta" or "Defendant"), by and through its counsel of record, Benjamin D. Reed, and Jordan L. Berkhouse, of the law firm of Best & Sharp, and hereby file this Motion to Dismiss and Brief in Support pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff has failed to state a claim upon which relief may be granted as to this Defendant specifically. Therefore, Plaintiff's Amended Complaint should be dismissed as a matter of law as to this Defendant. In support of its Motion, Defendant would show the court as follows:

**I.      INTRODUCTION**

On April 27, 2023, Plaintiff filed her Complaint against thirteen (13) named Defendants generally alleging violations of State and Federal fair housing and anti-discrimination laws. *See* Doc. # 2. Defendant filed a Motion to Dismiss Plaintiff's allegations against her on August 24, 2023. *See* Doc. # 44. In response to this and other Motions to Dismiss, Plaintiff filed her First

{00690456}                                                    2

Amended Complaint on September 11, 2023. *See* Doc. #54. Pursuant to the Court's Order, Plaintiff filed her "Corrected First Amended Complaint" on September 14, 2023, in order to correct the name of certain Defendants. *See* Doc. # 55 and 56, respectively.

Plaintiff's allegations as to Vesta are vague, conclusory, and lack any semblance of specificity as to exactly what actions of this Defendant specifically are alleged to constitute a violation of Plaintiff's rights. Instead, Plaintiff's allegations as to this Defendant are the very epitome of threadbare accusations which lack even the most minimal amount of factual substance. Therefore, because Plaintiff has failed to state sufficient facts under a cognizable legal theory as to this Defendant, Plaintiff's claims as to this Defendant should be dismissed pursuant to Fed. R. 12(b)(6) as a matter of law.

## II.    ARGUMENTS AND AUTHORITIES

### A.    Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), (overruled on other grounds, *Twombly*, 550 U.S. at 562-563)). In order to show an "entitlement to relief" a plaintiff must plead "more than labels and conclusions…" *Twombly*, 550 U.S. at 562. The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id*. In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face…" not just conceivable. *Id*. at 570; *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for which relief may be granted. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, *supra*.). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. at 678 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotations omitted). Allegations which simply make "unadorned, the defendant-unlawfully-harmed-me" accusations fail to pass muster. *Id*. Where the court cannot infer more than a mere possibility of misconduct, accepting as true all of a plaintiff's well-pleaded factual allegations, "the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (*quoting* FED. R. CIV. P. 8(a)(2)).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Morey v. Miano*, 141 F.Supp.2d 1061 (10th Cir. 2001). Here, Plaintiff has not pled sufficient facts under a cognizable theory as to this Defendant and, therefore, this Defendant should be dismissed as a matter of law.

    **B.**    **Plaintiff Has Proffered Only Threadbare Naked Assertions Devoid Of Any Factual Enhancement as to This Defendant and Therefore Has Failed to State a Claim Upon Which Relief May Be Granted as to This Defendant**

In her Amended Complaint, the only references to Vesta are the precise type of conclusory labels and unadorned the defendant-unlawfully-harmed-me type of allegations that fail under the facial plausibility pleading standard. For example, the Plaintiff's Amended Complaint alleges the following as to Defendant Vesta:

> Defendant, Vesta Realty, LLC. (Vesta) is an Oklahoma foreign limited liability company. It is the registered agent for Defendants WMT and WMBL, an agent and coventurer with them, and a co-conspirator with them in the acts complained of

> herein. Defendant Vesta is also a joint venturer, an agent, principal, and co-conspirator with all corporate Defendants herein, and the principal of the individual Defendant Gudmundsson. Vesta adopted and ratified the unlawful conducted engaged in by Defendant Gudmundson of which the Plaintiff now complains. Defendant Vesta also aided and abetted all Defendants in the unlawful conduct complained of herein. Defendant Vesta is an agent of the Varia Defendants and the Stoneweg Defendants.

*See* Doc. # 56, ¶ 14. From the face of Plaintiff's Amended Complaint, it also appears that she has sued Vesta on the basis that it is the registered agent of Defendants WMT and WMBL.

> WMT's identified registered agent is Defendant Vesta… It is also the agent and principal of Defendants Vesta, RPM, and WMBL.
>
> WMBL's identified registered agent is Defendant Vesta…

*Id*. ¶¶ 15-16. Defendant is not aware of any precedent which supports Plaintiff's attempt to name a registered agent in conjunction with the principal without further factual averments which implicate the registered agent directly. Regardless, this is yet another example of the conclusory labels that plague the Plaintiff's Amended Complaint.

Plaintiff then engages in speculative and conclusory logical gymnastics to somehow tie all Defendants together. She first alleges that "PCWM is owned by the Varia Defendants and managed by the Stoneweg Defendants." *Id*. ¶ 11. She then alleges "[WMT] is **believed** to be the alter ego of Defendant PCWM" and "[WMBL] is **believed** to be the alter ego of Defendant PCWM." *Id*. ¶¶ 15-16 (emphasis added); *see also* ¶ 206. **Plaintiff provides no foundation for this "belief" other than her own *ipse dixit*.** Plaintiff then concludes that, "Pursuant to its corporate structure, Varia, Stoneweg, and PCWM entered into facility management agreements with Defendants BPM, RPM, and Vesta for property management services at Woodland Manor Apartments." *Id*. ¶ 37. **This assertion is based *purely on speculation and assumption*.** "A pleading that **offers labels and conclusions** or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556

U.S. at 678. "Nor does a complaint suffice if it tenders **naked assertions devoid of further factual enhancement**."

> Later Plaintiff makes the following assertions:
>
> In October 2022, Defendants WMT and WMBL became the owners of the Woodland Manor Apartments.
>
> At the same time, Defendant Vesta became the property manager of the company.
>
> Defendants WMT, WMBL, and Vesta retained Defendant Mosby-Gudmundson as their agent and onsite property manager.

*Id*. ¶¶ 133-135. To the extent that Plaintiff asserts a claim of *respondeat superior* for the alleged actions of Defendant Mosby-Gudmundsson, Defendant hereby incorporates all arguments contained in the Motion to Dismiss filed by Defendant Mosby-Gudmundsson. *See* Doc. #58.

**That's it**. Plaintiff has not made even the most basic attempt to assert allegations which demonstrate in any way how *any* actions of *this* Defendant violated any of the various anti-discrimination laws cited by Plaintiff. Rather, Plaintiff's allegations as to this Defendant are the quintessence of "[a] pleading that offers labels and conclusions," "naked assertions devoid of further factual enhancement." Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face" as to this Defendant. That is to say, Plaintiff has failed to plead such "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal supra*. Stated Differently, even accepting as true all of Plaintiff's factual allegations, the Court cannot infer more than a mere possibility of misconduct and, as such, "the complaint has alleged–but it has not 'shown'–'that the [Plaintiff] is entitled to relief.'" *Iqbal supra.* Therefore, based on the *Twombly*/*Iqbal* standards as outlined, Plaintiff has pled insufficient facts under a cognizable legal theory as to this Defendant and, pursuant to Fed. R. Civ. P. 12(b)(6), her claims against this Defendant should be dismissed as a matter of law.

**III.   CONCLUSION**

Plaintiff has failed to state a claim as to this Defendants upon which relief may be granted. Indeed, Plaintiff's Amended Complaint as to Vesta is the poster child for a pleading that offers merely labels and conclusions without *any* factual enhancements which could raise her Amended Complaint beyond the speculative level. Therefore, Plaintiff's claims as to this Defendant should be dismissed as a matter of law.

WHEREFORE, premises considered, Defendant, Vesta Realty, LLC, respectfully requests an Order from the Court dismissing all of Plaintiff's claims against it and awarding it the fees and costs incurred in obtaining said Order, along with any other affirmative relief the Court deems just and appropriate.

Respectfully submitted,

Best & Sharp

*s/ Jordan L. Berkhouse*
Benjamin D. Reed, OBA #22696
Jordan L. Berkhouse, OBA #33835
1 West Third Street, Suite 900
Williams Center Tower I
Tulsa OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
breed@bestsharp.com
jberkhouse@bestsharp.com
*Attorneys for Defendants,*
*Vesta Realty, LLC, Woodland Manor's Best*
*Living, LLC, Woodland Manor TIC 1, LLC,*
*and Skylar Rae Mosby*

CERTIFICATE OF SERVICE

    I hereby certify that on the 28th day of September, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Teresa L. Webster, OBA #30767
teressa.webster@laok.org
*Attorney for Plaintiff*

J. Randall Coffey, Admitted Pro Hac Vice
rcoffey@fisherphillips.com
*Attorney for Defendant, Bridge Property Management, L.C.*

Nathan L. Whatley, OBA #14601
nathan.whatley@mcafeetaft.com
*Attorney for Defendants, PC Woodland Manor, LLC,
Varia US Tulsa, LLC, Varia US Holdings, LLC,
Stoneweg US Employees, LLC, and Stoneweg
Investments, LLC*

                                  *s/ Jordan L. Berkhouse*