UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RENEE EILEEN JOHNSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-0169-CVE-CDL |
| ) | |
| **PC WOODLAND MANOR, LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS PLAINTIFF'S CORRECTED FIRST
AMENDED COMPLAINT AND BRIEF IN SUPPORT ON BEHALF OF
DEFENDANT BRIDGE PROPERTY MANAGEMENT, L.C.**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Bridge Property Management, L.C. (hereafter "Bridge") moves to dismiss Plaintiff's Corrected First Amended Complaint (Doc. 56) for failure to state a claim upon which relief may be granted as to Defendant Bridge and submits this Brief in Support of its Motion. Plaintiff's Corrected First Amended Complaint is deficient as a matter of law. In support of this Motion, Defendant Bridge further states as follows:

**INTRODUCTION AND BACKGROUND**

On April 27, 2023, Plaintiff Renee Johnson ("Plaintiff") commenced the instant action, bringing claims against Bridge and twelve (12) other named defendants[1] (collectively, "Defendants"). Plaintiff filed a First Amended Complaint, on September 11, 2023, and a Corrected First Amended Complaint ("CFAC," Doc. 56) on September 14, 2023. In the CFAC,

---

[1] The twelve other defendants are PC Woodland Manor, LLC, RPM Living, LLC, Vesta Realty, LLC, Woodland Manor's Best Living, LLC, Skylar Rae Mosby-Gudmunsson, Woodland Manor TIC 1, LLC, Varia US Tulsa, LLC, Varia US Holdings, LLC, Varia US Properties AG, Stoneweg Group, Stoneweg Investments, LLC, and Stoneweg US Employees, LLC.

Plaintiff asserts seven claims[2] against Bridge and the other Defendants: (i) Violations of 42 U.S.C. §§ 3604 (c), (f)(1)(a), (f)(2)(a), (f)(3)(b), and (f)(3)(c); (ii) Violations of the Fair Housing Act; (iii) Violations of the Oklahoma Discrimination in Housing Act and the Anti-Discrimination Act; (iv) Violations of Oklahoma Consumer Protection Act; (v) Violation of the Oklahoma Residential Landlord and Tenant Act; (vi) Violation of the Rehabilitation Act of 1973; and (vii) Breach of Contract. However, as detailed below, each of these claims fail as a matter of law because the CFAC relies exclusively on conclusory allegations and omits the required factual allegations to sustain such claims. Accordingly, the Court should dismiss these claims against Bridge.

## ARGUMENT AND AUTHORITIES

### I. PLAINTIFF HAS PLED ONLY CONCLUSORY AND SPECULATIVE ASSERTIONS AND HAS FAILED TO PLEAD ADEQUATE FACTUAL ALLEGATIONS TO SUPPORT PLAUSIBLE CLAIMS UNDER THE *IQBAL/TWOMBLY* STANDARD.

Bridge moves to dismiss the CFAC pursuant to Rule 12(b)(6) because Plaintiff has utterly failed to plead anything but conclusory assertions devoid of factual support that do nothing more than point to sections of statutes and claim that Bridge (as one of an undifferentiated mass of all thirteen Defendants who or which somehow collectively) violated them.

#### A. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that legal conclusions are not entitled to be accepted as true) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] Plaintiff also asserts a claim of "Reverse Veil Piercing;" however, this claim is brought collectively against the Varia and Stoneweg Defendants.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). While the complaint need not set forth "detailed" factual allegations, a plaintiff still must set forth adequate factual grounds to demonstrate her entitlement to relief, which "requires more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, a complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement," *id.* at 557, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give enough "factual detail to provide 'fair notice of what the … claim is and the grounds upon which it rests.'" *Warnick v. Cooley,* 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555. "If, in the end, a plaintiff's "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' the complaint fails to state a claim." *Warnick*, 895 F.3d at 751 (quoting *Iqbal*, 556 U.S. at 679).

The Court must dismiss the CFAC because it entirely fails to satisfy the *Iqbal/Twombly* pleading standard. A brief perusal of the CFAC demonstrates that it consists of virtually nothing other than labels, conclusory statements, formulaic and threadbare recitations of the elements of the causes of action, and naked assertions with no supporting facts. In fact, the CFAC is so devoid of actual facts (other than that Plaintiff was a tenant at Woodland Manor Apartments, the initial terms of her lease, her rent payment assistance from the Tulsa Housing Authority, that Plaintiff has at some point allegedly undergone numerous brain surgeries to deal with arteriovenous malformation diagnosis (AVM)), and that she complained, without any factual detail) that it is

impossible to conclude that Plaintiff might establish a right to relief against Bridge, even if one engaged in rank speculation; there is nothing to establish even a mere possibility of misconduct committed by Bridge, and Plaintiff certainly has not shown that she is entitled to relief in this case.

**B. Plaintiff's Section 3604(c) of the Fair Housing Act Claim, contained in Claim 1, Is Insufficiently Plead.**

To establish a claim against Bridge under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(c), Plaintiff must sufficiently allege: (1) Bridge made a statement; (2) the statement was made with respect to the rental of a dwelling; and (3) the statement indicated a preference, limitation, or discrimination on the basis of disability. *Corey v. Sec'y, U.S. Dept. of Housing & Urban Dev. Ex rel. Walker*, 719 F. 3d 322, 326 (4th Cir. 2013); *White v. U.S. Dept. of Housing & Urban Dev.*, 475 F.3d 898, 904 (7th Cir. 2007). The CFAC in paragraph 100 contains conclusory allegations about a statement made by "Defendants' agents," stating "[d]uring October or November of 2021,[3] *Defendants'* agents expressed disbelief concerning the plaintiff's light-related disability." (CFAC ¶ 100; emphasis added). Similarly, paragraph 161(b) of the CFAC states only that "*Defendants* violated 42 U.S.C. § 3604(c) by making oral statements, doubting Plaintiff's disabilities." (CFAC ¶ 161(b); emphasis added). No further details are provided in the CFAC to support either of these allegations. (*See generally id.*).

The CFAC lacks sufficient factual content to identify the individual(s) who made the alleged statement(s) or to identify whether those individuals were "agents" of Bridge. Plaintiff chooses to ambiguously attribute the relevant statement to *Defendants' agents* or *Defendants*: a group of 12 individual entities and one individual. Plaintiff's allegations throughout the CFAC, including paragraphs 100 and 161(b), constitute impermissible "group pleading," failing to provide

---

[3] On or around November 18, 2021, Bridge ceased managing the Woodland Manor Apartments, which is why the timing of this alleged statement and identity of the alleged speaker is so significant.

fair notice to any of the Defendants regarding the claims asserted against them. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[T]he complaint [must] make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations[.]"); *Seni ex rel. Ciber, Inc. v. Peterschmidt*, No. 12-cv-00320-REB-CBS, 2013 WL 1191265 at *3 (D. Colo. March 22, 2013) ("Group pleading" is insufficient to state plausible claim against a particular defendant.). Indeed, "[t]he failure to plead specific facts setting forth who engaged in this alleged discriminatory conduct also renders Plaintiff's allegations deficient." *McDaniel v. Dominium Mgmt. Servs., LLC,* No. 21-CV-01997-RMR-NYW, 2022 WL 1316384, at *4 (D. Colo. May 3, 2022), *report and recommendation adopted*, No. 121CV01997RMRNYW, 2022 WL 20440201 (D. Colo. June 15, 2022) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012)).[4]

Because the CFAC fails to provide sufficient factual grounds to identify the authors or speakers who "expressed disbelief concerning the Plaintiff's light-related disability," it is unclear whether those individuals possessed knowledge of Plaintiff's purported "light-related disability." Plaintiff does not allege in the CFAC that she notified these particular "agents" who expressed disbelief of her disability. (*See generally* CFAC). Without knowing the identity of "Defendants' agents," it is impossible to draw a reasonable inference that Bridge (or any of the other Defendants)

---

[4] *See also Cooper v. Coldwell Banker*, No. CIV. A. 07-1208, 2007 WL 4792982, at *3 (W.D. La. Dec. 3, 2007) (the plaintiff failed to state a claim where she "ma[de] several general allegations" that the owner of a real estate agency "operated his business in a discriminatory manner" but asserted "no factual allegations that tie[d] [the owner] to participation in the allegedly unlawful acts that occurred in this case"); *Ible v. Wells Fargo Bank*, No. 4:21-cv-00025-MW-MAF, 2021 WL 1582419, at *3 (N.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1577789 (N.D. Fla. Apr. 22, 2021) (recommending dismissal where "many of Plaintiff's allegations [were] attributable to no individual nor any specific date").

5

is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. For these reasons, Plaintiff fails to plead her 42 U.S.C. § 3604(c) claim as a matter of law.

### C. Plaintiff's Section 3604(f) of the Fair Housing Act Claim for Discrimination, Contained in Claim 1, Is Insufficiently Plead.

For a FHA discrimination claim, Plaintiff must sufficiently allege: "'(1) she is a member of a protected class; (2) she was denied a rental relationship or otherwise treated differently in the terms, conditions, or privileges of her rental relationship or in the provision of services or facilities to her as a tenant; and (3) the different treatment was, at least in part, because of her [protected status].'" *McDaniel*, 2022 WL 1316384, at *4 (quoting *Wilson v. Guardian Mgmt., LLC*, 383 F. Supp. 3d 1105, 1108 (D. Or. 2019)). The alleged discriminatory treatment must be attributable to a specific named defendant. *McDaniel,* 2022 WL 1316384, at *4 (citing *Cox v. Phase III, Invs.*, No. CIV.A. H-12-3500, 2013 WL 3110218, at *10 (S.D. Tex. June 14, 2013)).

The CFAC in paragraph 161(b)-(c) contains insufficient facts regarding alleged discrimination, making only the conclusory assertions that "Defendant violated 42 U.S.C. § 3604(f)(1)(a) by physically making housing unavailable to [Plaintiff] at Woodland Manor because of her disability by not repairing her front door threshold. Defendant violated 42 U.S.C. § 3604(f)(2)(a) by applying different terms, conditions, and privileges to Plaintiff's tenancy because of her disability." (CFAC ¶¶ 161(b)-(c)). It is unclear who the "Defendant" is in paragraphs 161(b)-(c) of her CFAC because, as noted above, there are twelve (12) entities and one individual who respectively have been named as a named defendant in this action. No further details are provided to support these allegations. (*See generally id.*).

While Bridge concedes that Plaintiff alleges membership in a protected class, the CFAC fails to sufficiently allege either the second or third elements of an FHA discrimination claim: that she was denied a rental relationship or otherwise treated differently; and facts that would support

6

the conclusion that the different treatment was *because of* her disability. *See McDaniel,* 2022 WL 1316384, at *4. Plaintiff's allegations suggest just the opposite; she asserts she was treated the same as all other tenants. (*See, e.g.,* CFAC ¶ 61 (Plaintiff required to pay same pet deposit and pet application fee as other tenants); *id.* ¶ 72 (Plaintiff required to adhere to unauthorized occupants' policy); *id.* ¶ 73 (Plaintiff required to adhere to written maintenance order request policy); *id.* ¶ 107 (Plaintiff required to keep her dog on a leash)). The CFAC is devoid of any allegations that Bridge, or other Defendants, granted exceptions to these rules to residents without disabilities. (*See generally id.*). Put differently, Plaintiff fails to assert allegations regarding any comparator(s) receiving different treatment than Plaintiff because of her disability. (*Id.*); *Mohamed v. McLaurin*, 390 F. Supp. 3d 520, 546 (D. Vt. 2019) ("Without comparator evidence, there is no means of determining whether Plaintiff was treated differently from similarly situated tenants."); s*ee also Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) ("Disparate-treatment claims under the FHA are tested under the same framework as Title VII disparate-treatment claims[ ] ... [t]he standard is familiar – did the defendant(s) treat the plaintiff(s) less favorably than others based on their race, color, religion, sex or national origin?"). Accordingly, Plaintiff's FHA discrimination claim is insufficiently plead, failing as a matter of law.

### D. Plaintiff's Fair Housing Act Section 3604(f) Claim for Failure to Provide Reasonable Accommodation, Contained in Claim 1, Is Insufficiently Plead.

To establish a claim against Bridge under 42 U.S.C. § 3604(f), Plaintiff must sufficiently allege: (1) that she is handicapped as defined by the FHA; (2) that Bridge knew or reasonably should have known of the claimed handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendants refused to make such

accommodation. *See McAdoo v. Vici Cmty. Dev. Corp,* No. CIV-19-515-R, 2020 WL 2529368, at *5 (W.D. Okla. May 18, 2020).

Plaintiff fails to sufficiently allege the third through fifth factors of an FHA reasonable accommodation claim. Plaintiff does not allege that she provided Bridge with notice that her requested accommodations were necessary to afford her an equal opportunity to use and enjoy the dwelling or allege that her requests were reasonable. *See, e.g., Arnal v. Aspen View Condo. Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1184 (D. Colo. 2016) ("In considering a request for a reasonable accommodation under the FHA, '[a] housing provider[ ] may ask individuals who have disabilities that are not readily apparent or known to the provider to submit reliable documentation of a disability and their disability-related need for the assistance animal.'") (quoting Notice FHEO–2013–01, at 3). While Plaintiff alleges the existence of "a letter from her doctor that verified her need for her service dogs" (CFAC ¶ 54), she never asserts that she provided Bridge, or any of the other Defendants, with a copy of that letter (presumably because she did not, at least as to Bridge). Similarly, despite acknowledging she needed to complete a request for reasonable accommodation form (*id.* ¶ 51), Plaintiff does not assert that she ever completed the form, asked for assistance in completing the form, or submitted a completed version of the form to Bridge or any other Defendants. (See generally id.). Her claims for denied requests for accommodations pertaining to the light-related accommodation and non-writing request accommodation are fatally flawed for the same reasons. (See CFAC ¶¶ 161(d)-(h)).

Plaintiff additionally cannot show that her accommodation requests were refused; in fact, the CFAC asserts the opposite. (id. ¶ 50 (Plaintiff received help completing written forms); ¶ 119 (Plaintiff allowed two service dogs); id. ¶ 121 (dimmer light installed outsider Plaintiffs' door); id. ¶ 113 (Plaintiff provided a ramp). See McAdoo, 2020 WL 2429368, at *6 ("Until an

8

accommodation request is denied, there is no discrimination under the FHA.") (quoting Arnal, 226 F. Supp. 3d at 1186) (citing 42 U.S.C. § 3604(f)(3)(B)).

Lastly, Plaintiff's reasonable accommodation claim is insufficiently plead because she fails once again to identify specific facts setting forth who engaged in this alleged discriminatory conduct, relying on impermissible "group pleading" concerning "Defendants" failing to grant a requested reasonable accommodation. *See, e.g., Robbins*, 519 F.3d at 1250. Claim 1 should be dismissed.

### E. Plaintiff's Claim 2 for Violation of the FHA (Retaliation Pursuant to 42 U.S.C. § 3617) Is Insufficiently Plead.

For a retaliation claim against Bridge under the FHA, Plaintiff must sufficiently allege: (1) she was engaged in protected activity; (2) she suffered an adverse action in the form of coercion, intimidation, threats, or interference; and (3) there was a causal link between the two. *Shaw v. Cherokee Meadows, LP*, No. 17-CV-610-GKF-JFJ, 2019 WL 7340138, at *15 (N.D. Okla. Dec. 30, 2019); *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017) (a plaintiff must allege a causal connection between her disability or protected activity and the alleged adverse action); *see also Wilson v. Warren Cty.*, 830 F.3d 464, 467-68 (7th Cir. 2016) (affirming dismissal under Rule 12(b)(6) because plaintiff claiming violations of §§ 3604(f)(1) & 3617 failed to plausibly allege that adverse action was "because of his disability.")

Plaintiff asserts two threadbare allegations for this cause of action in the CFAC: "The Plaintiff repeats her assertions of facts contained in the paragraphs above as fully set forth herein. The facts above assert a cause of action for violations of the Fair Housing Act, 42 U.S.C. § 3617." (CFAC ¶¶ 162-63). These allegations are wholly insufficient to comply with the pleading standards as required by the Supreme Court in *Iqbal* and *Twombly*, and there is a complete absence of any factual basis to demonstrate that Plaintiff is entitled to relief in the absence of speculation

that it may be so, which is not sufficient. Plaintiff leaves Bridge and the other Defendants to guess the factual basis of her retaliation claim. While unnecessary given the *Iqbal/Twombly* pleading standard, a review of each of the 161 paragraphs, which precede this claim, fail to remedy this claim's deficiencies. As detailed above, the CFAC is devoid of specific facts setting forth who retaliated against Plaintiff, again utilizing impermissible "group pleading" to collectively impute liability to "Defendants." *See, e.g., Robbins*, 519 F.3d at 1250.

There simply is no basis for the Court to conclude that Plaintiff has satisfied her obligation to notify Bridge of the factual basis for her retaliation claim. For these reasons, the Court also should dismiss Claim 2 of Plaintiff's CFAC against Bridge.

### F. Plaintiff's Claim 3 for Violation of the Oklahoma Discrimination in Housing Act Is Insufficiently Plead.

Plaintiff's Oklahoma Discrimination in Housing Act ("ODHA") claims mirror her FHA claims under 42 U.S.C. § 3604 and 42 U.S.C. § 3617, and her ODHA claims fail for the same reasons as described *supra* in §§ I(B)-(E). Namely, in the CFAC, Plaintiff fails to plead specific facts setting forth who engaged in this alleged discriminatory conduct, rendering Plaintiff's allegations deficient. (CFAC ¶¶ 164-171); *see also McDaniel,* 2022 WL 1316384, at *4; *Robbins*, 519 F.3d at 1250. Plaintiff fails to allege that Bridge treated any tenants better than her because of her disability. (*See generally* CFAC); *Mohamed v. McLaurin*, 390 F. Supp. 3d at 546. She fails to allege adequate notice to Bridge or any of the other Defendants (in the form of a doctor's note or completed reasonable accommodation form) concerning her need for, *inter alia*, two service dogs or other accommodations. (*See generally* CFAC). Plaintiff also fails to proffer sufficient, individualized factual allegations, relying exclusively on conclusory allegations in pleading this claim. (CFAC ¶¶ 164-171).

10

In addition, Plaintiff's claim that Bridge violated ODHA § 1452(16)(a) separately fails because she does not assert that she provided a "surety bond guaranteeing restoration of the premises to their prior condition." ODHA § 1452(16)(a); (*see also generally* CFAC).

For all these reasons, Plaintiff's ODHA claim in Claim 3 is insufficiently plead and fails as a matter of law.

### G. Plaintiff's Claim 4 for Violation of the Oklahoma Consumer Protection Act is Insufficiently Plead.

To establish an Oklahoma Consumer Protection Act ("OCPA"), Plaintiff must sufficiently plead Bridge engaged in an unlawful practice such as an unfair trade practice. Okla. Stat. Tit. 15 §§ 752(13-14); 753(20). An unfair trade practice is defined as "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Okla. Stat. Tit. 15 §§ 752(14). The CFAC in paragraphs 174 to 182 does not allege a particular individual or entity that committed an unfair trade practice. (CFAC ¶¶ 174-82). Once again, Plaintiff relies, instead, on group pleading, asserting that "Defendants" committed unfair trade practices, including charging "Plaintiff late fees on her November 2020 rent into 2022, despite her paying that rent" and "charging Plaintiff for home renter's insurance through Defendants' insurance provider for 2022, despite Plaintiff's insurance provider having informed Defendants of Plaintiff's separately obtained coverage." (CFAC ¶¶ 174-75).

These undifferentiated allegations are wholly inadequate to provide Bridge with notice that it is liable for improperly charging late fees and/or fees for home renter's insurance. *See, e.g., Robbins*, 519 F.3d at 1250. The remaining allegations contained in Claim 4 are threadbare recitations of the statute insufficient to satisfy the pleading standards as required by the Supreme Court in *Iqbal* and *Twombly*. (*See* CFAC ¶¶ 174-82). Claim 4 should be dismissed.

### H. Plaintiff's Claim 5 for Violation of the Oklahoma Residential Landlord and Tenant Act is Insufficiently Plead.

While a person with a disability may submit a request for a reasonable accommodation to maintain an assistance animal in a dwelling, a plain reading of the Oklahoma Residential Landlord and Tenant Act makes clear:

> Unless the person making the request has a disability or disability-related need for an assistance animal that is readily apparent, a landlord may request reliable supporting documentation that (1) is necessary to verify that the person meets the definition of disability pursuant to the Fair Housing Act, (2) describes the needed accommodation, and (3) shows the relationship between the person's disability and the need for the requested accommodation.

41 Okla. St. Ann. § 113.2(B). In paragraph 49 and 51 of the CFAC, Plaintiff asserts that she was asked to provide documentation following her admission that "she had two assistance animals that help her with her different disability-related needs." (CFAC ¶¶ 49, 51). In contrast, the CFAC does not include a single assertion that Plaintiff's need for an assistance dog was readily apparent or that Plaintiff provided documentation supporting her need for two assistance or service dogs. (*See generally* CFAC). As such, Plaintiff cannot sustain a claim under the Oklahoma Residential Landlord and Tenant Act for Bridge's purported denial of "her request to have two different service dogs that performed different functions for Plaintiff." (*Id.* ¶ 184).

Plaintiff's Residential Landlord and Tenant Act claim also fails because it exclusively relies on conclusory allegations that do not provide sufficient factual content to allow any inference that a particular individual or entity failed to meet their respective duty required by the Act. (*Id.* ¶¶ 183-89). *Robbins*, 519 F.3d at 1250; *McDaniel*, 2022 WL 1316384, at *4. Claim 5 is deficient and should be dismissed.

### I. Plaintiff's Claim 6 for Violation of the Rehabilitation Act is Insufficiently Plead.

To establish a Rehabilitation Act claim against Bridge, Plaintiff must sufficiently allege: (1) that she is disabled under the Act; (2) that she would be "otherwise qualified" to participate in the program; (3) that the program receives federal financial assistance; and (4) that the program has discriminated against Plaintiff. *Shaw v. Cherokee Meadows, LP*, No. 17-CV-610-GKF-JFJ, 2018 WL 2770200, at *2 (N.D. Okla. June 8, 2018) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010)). The CFAC in paragraph 193 contains conclusory allegations about the alleged violation of the Rehabilitation Act, stating "Defendants have denied [Plaintiff] an equal opportunity to participate in its federally assisted housing program by refusing to grant her requested reasonable accommodation and by retaliating against her for exercising her protected rights." (CFAC ¶ 193).

Bridge, as well as the other Defendants and the Court, are merely left to speculate regarding the grounds upon which Plaintiff's claim rests. *See Twombly,* 550 U.S. at 555; *Warnick*, 895 F.3d at 847. To the extent Plaintiff alleges refusal of requests for accommodation including two dogs, an adjustment to the light outside her apartment, a wheelchair ramp, or assistance with writing, her claims are undermined by the assertions contained in the CFAC. As stated above, the CFAC is devoid of any allegations indicating Plaintiff provided a doctor's note or a reasonable accommodation form to support her purported needs for such accommodations. (*see generally id.*). Moreover, by her own admissions, she was allowed two dogs, provided an accommodation to the purportedly bright light, a wheelchair ramp, and assistance completing forms. (CFAC ¶¶ 50, 113, 119, 121). Lastly, Plaintiff fails to sufficiently plead reasonable accommodation and retaliation claims under the Rehabilitation Act for the reasons provided *supra* in §§ I (B-E). *Shaw v. Cherokee Meadows, LP*, 431 F. Supp. 3d 1336, 1348 (N.D. Okla. 2019) (district courts in the 10th Circuit

analyze Fair Housing Act and Rehabilitation Claims under the same standard) (citing *Roe v. Hous. Auth. Of the City of Boulder*, 909 F. Supp. 814, 820-21 (D. Colo. 1995); *see also Valencia v. City of Springfield,* 883 F.3d 959, 967 (7th Cir. 2018). Accordingly, Plaintiff's Rehabilitation Act claim (Claim 6) fails as a matter of law.

**II.    IN ADDITION TO FAILING TO PLEAD SUFFICIENT FACTS FOR A BREACH OF CONTRACT CLAIM (CLAIM 7), PLAINTIFF HAD NO CONTRACT WITH BRIDGE, WARRANTING DISMISSAL FOR FAILURE TO SATISFACTORILY PLEAD AND ESTABLISH THE CONTRACT.**

For a breach of contract claim, Plaintiff must sufficiently allege: (1) formation of a contract between Plaintiff and Bridge; (2) breach of the contract; and (3) damages as a result of that breach. *Morgan v. State Farm Mut. Auto. Ins. Co.,* 2021 OK 27 (Okla. 2021). Regarding contract formation, a "contract requires an offer by one party and the acceptance of that offer by the other party." *Franco v. State ex rel. Bd. of Regents of Univ. of Oklahoma*, 2020 OK CIV APP 64, ¶ 25. In paragraph 196 of the CFAC, Plaintiff asserts in conclusory fashion that "Defendants' above alleged actions constitute breaches of contract, specifically as it relates to conduct that is prohibited by provisions of Plaintiff's lease with Defendants." (CFAC ¶ 196).

Because of the reliance on the lease in the CFAC, the Court may consider it without converting this to a motion for summary judgment. *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002) ("In addition to the complaint, [in reviewing a dismissal under Rule 12(b)(6),] the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."). As is apparent from the four corners of the document, Plaintiff entered the lease with PC Woodlands, LLC and not Bridge. (**Exhibit 1**, Lease). Plaintiff does not refence entering any other agreement in the

CFAC.  (*See generally* CFAC).  Because she does not adequately allege formation of a contract with Bridge, Plaintiff's contract claim against Bridge is deficient and must be dismissed.[5]

WHEREFORE, Defendant Bridge respectfully requests that the Court dismiss Plaintiff's Corrected First Amended Complaint (Claims I through 7) as to Bridge for Plaintiff's failure to adequately plead her claims pursuant to the Supreme Court's *Iqbal* and *Twombly* pleading standards and because Bridge was not a party to the lease entered into between Plaintiff and PC Woodlands, LLC.

Date:  September 28, 2023

Respectfully submitted,

 /s/ J. Randall Coffey
J. Randall Coffey (admitted N.D. Okla.)
FISHER & PHILLIPS LLP
4622 Pennsylvania Ave, Suite 910
Kansas City, MO 64112
Phone:  (816) 842-8770
Facsimile:  (816) 842-8767
Email:  rcoffey@fisherphillips.com

ATTORNEY FOR DEFENDANT BRIDGE PROPERTY MANAGEMENT, L.C.

---

[5] Bridge raises no issue in regard to Plaintiff's Claim 8 because that claim ("Reverse Veil Piercing") does not appear to apply to Bridge, but rather is directed to Defendants Varia and Stoneweg.

## CERTIFICATE OF SERVICE

I certify on this 28th day of September, 2023 that a true and correct copy of the above and foregoing document was filed using the Court's CM/ECF system which will automatically send electronic notice of filing to the following:

    Teressa L. Webster, OBA
    Legal Aid Services of Oklahoma, Inc.
    530 Court Street
    Muskogee, OK 74401
    Teressa.Webster@laok.org

    Nathan L. Whatley
    McAfee & Taft A Professional Corporation
    Eighth Floor, Two Leadership Square
    211 North Robinson Avenue
    Oklahoma City, OK 73102
    Nathan.whatley@mcafeetaft.com

    Benjamin D. Reed
    Jordan L. Berkhouse
    Best & Sharp
    Williams Center Tower 1
    One W. 3rd Street
    Ste 900
    Tulsa, OK 74103
    918-582-1234
    Fax: 918-585-9447
    breed@bestsharp.com
    jberkhouse@bestsharp.com

    */s/ J. Randall Coffey*
    Attorney for Defendant Bridge
    Property Management, L.C.