## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  Renee Eilene Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 23-CV-169-CVE-CDL |
| | ) | |
| 1.  PC Woodland Manor, LLC, an Oklahoma foreign liability company, | ) ) ) | |
| 2.  Bridge Property Management, L.C., An Oklahoma foreign limited liability company, | ) ) ) | |
| 3.  RPM Living, LLC, an Oklahoma registered foreign Limited Liability Company, | ) ) ) | |
| 4.  Vesta Realty, LLC, and Oklahoma foreign limited liability company, | ) ) ) | |
| 5.  Woodland Manor's Best Living, LLC, an Oklahoma foreign limited liability company, | ) ) ) | |
| 6.  Skylar Rae Mosby-Gudmundsson, in her capacity as agent for the corporate entities and in her individual capacity, | ) ) ) ) | |
| 7.  Woodland manor TIC 1, LLC, an Oklahoma foreign limited liability company, | ) ) ) | |
| 8.  Varia US Tulsa, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| 9.  Varia US Holdings, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| 10. Varia US Properties AG, Switzerland, a Swiss real estate company, | ) ) ) | |
| 11. Stoneweg Group, a Geneva, Switzerland based international | ) ) ) | |

| | |
|---|---|
| real estate and investment management firm, | ) |
| 12. Stoneweg Investments, LLC, a Delaware Limited Liability Company, | ) ) ) ) |
| 13. Stoneweg US Employees, LLC, a Delaware Limited Liability Company, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS VARIA US TULSA, LLC, VARIA US HOLDINGS, LLC, STONEWEG INVESTMENTS, LLC AND STONEWEG US EMPLOYEES, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH BRIEF IN SUPPORT**

COME NOW Defendants Varia US Tulsa, LLC (VUT), Varia US Holdings, LLC (VUH), Stoneweg Investments, LLC (SI) and Stoneweg US Employees, LLC (SUE) (Defendants or the "Stoneweg and Varia entities") and ask this Court to dismiss Plaintiff's Corrected Amended Complaint [Docket No. 56] (the "Amended Complaint") against them for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In support, Defendants submit the following Brief.

**BRIEF IN SUPPORT**

**INTRODUCTION**

As in her original Complaint, Plaintiff's Amended Complaint alleges violations of certain state and federal laws prohibiting housing discrimination along with certain other state law claims related to an alleged breach of her lease, and alleges unfair trade practices connected with her lease. The Amended Complaint also adds an eighth claim for "Reverse Veil Piercing."

Plaintiff has named as Defendants the current owners and the current and former management companies of the Woodland Manor apartment complex where she resides (the "Property") and an individual employee of the current and former property management company.  Plaintiff has also named in the Amended Complaint the former owner of the complex, Defendant PC Woodland Manor, LLC (PCWM).  Additionally, Plaintiff has named the Stoneweg and Varia entities which are parent entities of PCWM -- Varia US Tulsa, LLC, Varia US Holdings, LLC and Stoneweg Investments, LLC --and an entity related to PCWM's parent companies -- Stoneweg US Employees, LLC.  None of these entities ever owned or managed the Property, and none of them had any involvement in the Property's day-to-day operations.  Plaintiff has also named, but has not served  VUT and VUH's Swiss parent company, Varia US Properties AG, and a Swiss company designated by Plaintiff as Stoneweg Group[1].

Plaintiff's Amended Complaint contains no substantive allegations specific to the Stoneweg and Varia entities; instead, it bundles the Stoneweg and Varia entities with "Defendants" generically.   In fact, the only contentions within Plaintiff's Amended Complaint that are specifically and distinctly applicable to the Stoneweg and Varia entities are directed toward explaining the corporate ownership of these entities vis-à-vis Defendant PC Woodland Manor, LLC (PCWM).  See paragraphs 17 through 23 of the Amended Complaint.    The remainder of Plaintiff's Amended Complaint makes

---

[1] Defendants are not aware of any company called Stoneweg Group and believe Plaintiff may be referring to a different Swiss company, Stoneweg AG that is SUSE's parent company.

generalized allegations concerning the "Defendants," and self-serving conclusions that all the corporate entities are "alter egos" of one another.

Notably, Plaintiff's Amended Complaint contains mostly identical allegations to her original Complaint, but substitutes the term "alter ego" for the terms co-conspirator" and "joint venture," which she incorporated throughout the initial Complaint.  Despite this change in nomenclature, as in her Original Complaint, nowhere in her Amended Complaint does Plaintiff allege any specific or substantive action or activity committed by any of the Stoneweg or Varia entities.  Importantly, Plaintiff offers no factual allegations characterizing the Stoneweg and Varia entities role(s) beyond that as mere corporate parents or grandparents of PCWM.

Plaintiff purports to show some action by the Stoneweg and Varia entities which allegedly demonstrates their involvement in, or responsibility for the alleged actions of the property management Defendants. Specifically, Plaintiff alleges in paragraph 43 of her Amended Complaint that Varia and Stoneweg defendants "entered into facility management agreements with Defendants BPM, RPM, and Vesta for property management services at Woodland Manor Apartments."  Plaintiff similarly alleges in paragraph 206 that, "Defendants Varia and Stoneweg retained Defendant Vesta Realty, Bridge Property Management, and RPM Living before to act as their property manager."  However, as Defendants pointed out in their Reply in support of their Motion to Dismiss Plaintiff's

original Complaint, these allegations are false, as even a cursory review of the Property

Management Agreements referenced in the Amended Complaint unequivocally shows.[2]

The Property Management Agreements entered into by and between PCPCW, as

property owner, and Bridge Property Management, L.C. ("BPM"), and with RPM Living,

LLC ("RPM"), as property managers, for property management services at the Property

are attached as Exhibits 1 and 2, respectively.  The Court may properly consider all

documents referenced in the Complaint which are central to a claim on a motion to dismiss.

See Jacobsen v. Deseret Book Company, 287 F.3d 936 (10th Cir. 2002); GFF Corp. v.

Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

The attached Agreements[3] unambiguously demonstrate that none of the Varia or

Stoneweg Defendants was a party to either Property Management Agreement, and that the

sole parties to these Agreements were the management companies (BPM and RPM) and

PCWM.  While reference is made to Stoneweg U.S., LLC in the attached Agreements, it

is critical to note that Stoneweg U.S., LLC was included in such Agreements for the sole

purpose of executing them on PCWM's behalf in its role as Manager of the company, not

---

[2]   Not only are Plaintiff's representations concering the Property Management
Agreements false, they are belied by the very chart that Plaintiff incorporated into
paragraph 25 of her Amended Complaint, which illustrates that the "facility management
agreement" was solely between the property management company and the PropCo, LLC
(in this case Defendant PC Woodland Manor, LLC).

[3]   The Stoneweg and Varia Defendants do not have access to any Property
Management Agreements between Vesta and the new owners of the Property, but were
likewise not parties to any such agreements.

as a party to the Agreements.  Nowhere in either Agreement is there any reference to Stoneweg Employees, LLC or to any of the Varia entities.  See Exhibits 1 and 2.

## ARGUMENT AND AUTHORITY

Plaintiff does not allege that the Stoneweg and Varia entities directly owned or managed the Property, but only that these entities possessed an equity interest in the actual owner of the Property or one of its parent companies.  Plaintiff neglects to allege any involvement by the Stoneweg and Varia entities in any decision affecting her tenancy and her bare and unsupported allegations that each of the Defendants "was a party to all violative conduct" fail under the pleading standards enunciated by the United States Supreme Court in Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

Likewise, Plaintiff has failed to provide any facts sufficient to adduce that the various Defendants represent a single integrated enterprise or that the Stoneweg and Varia entities exercised any control over the employees with whom Plaintiff allegedly interacted at the Property, or that the Stoneweg or VAria entities played any role in setting accommodation policies or procedures at the Property.  Plaintiff must set forth in her Amended Complaint some factual allegations to support her claims, and may not rely on mere legal labels and conclusions.  Campion v. Northeast Utilities, 598 F.Supp.2d 638 (M.D. Pa. 2009).

The allegations within the Amended Complaint pertaining to the Stoneweg and Varia entities lack any substantive basis at all, and consist of nothing but minimal assertions and unsubstantiated conclusions.  As such, the recitations that form Plaintiff's Amended

Complaint, to the extent that they pertain to the Stoneweg and Varia entities, are insufficient to state a "plausible" claim as required by Federal Rule of Civil Procedure 8(a)(2) and the United States Supreme Court.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 556 U.S. 662 (2009).  To the contrary, Plaintiff has failed to allege facts sufficient to "nudge his claims [against the Stoneweg and Varia entities] across the line from conceivable to plausible," and all claims asserted against the Stoneweg and Varia entities must therefore be dismissed in their entirety.  See Twombly, 550 U.S. at 570.

Federal Rule of Civil Procedure 8(a)(2) requires that any claim for relief by a plaintiff must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…."  However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n. 3.

In Twombly, the United States Supreme Court reevaluated and refined the principles that govern the sufficiency of initial pleadings in a federal civil action. Abandoning the ultra-lenient interpretations of the past, the Court concluded that the Federal Rules require a complaining plaintiff to offer some support for his or her claim to relief:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….

Twombly, 550 U.S. at 555 (quotations and citations omitted).  Rather, under the revised interpretation of the relevant rules, plaintiffs now have an obligation to provide "[f]actual

allegations [that are] enough to raise a right to relief above the speculative level…."  Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004).

In Iqbal, the Court provided further guidance regarding the standard set forth in Twombly.  In Iqbal, the Court first reaffirmed that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The Court then continued by explaining that a claim is "plausible on its face" only if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556). And, "[w]here a complaint pleads facts that are 'merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing Twombly, 550 U.S. at 557).

It is well-established law that a parent corporation is not liable for the acts of its subsidiaries, and therefore, the claims against the Stoneweg and Varia entities should be dismissed in their entirety. See In re SemGroup Energy Partners, L.P., 729 F. Supp. 2d 1276, 1306 (N.D. Okla. 2010) (quoting United States v. Bestfoods, 524 U.S. 51, 61 (1998) ("It is deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries") (internal citations and quotations omitted).

Plaintiff attempts to sidestep and evade these basic tenants of the law by making conclusory statements that the Stoneweg and Varia entities were parties to all of the acts complained of by Plaintiff.  However, the Iqbal Court emphasized that generalized, conclusory pleading is not sufficient to state a valid claim for relief under the federal rules.

Although Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era…it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950 (citing Twombly, 550 U.S. at 556) (emphasis added).

In evaluating a motion challenging the sufficiency of a purported claim, a court "'[is] not bound to accept as true a legal conclusion couched as a factual allegation,'" and a complaint that offers "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). Nor is a complaint sufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citing Twombly, 550 U.S. at 557). Rather, to survive dismissal, a complaint must contain sufficient well-pleaded factual matter to state a claim to relief that is plausible on its face. See id., 129 S.Ct. at 1949-50.

The Iqbal decision results in a two-step approach to evaluate the sufficiency of a complaint. First, a court should "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950-51. Second, the court should take the "well-pleaded factual allegations," "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. Only if the well-pleaded facts in the complaint, standing alone, establish the requisite "plausible" claim for relief will the complaint survive a pending motion to dismiss. But, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (citations omitted) (emphasis added); see also Royce v. Veteran

9

Affairs Reg'l Office, No. 08-cv-01993-KMT-KLM, 2009 WL 1904332, at *3 (D. Colo. July 1, 2009).

Evaluating Plaintiff's claims against the Stoneweg and Varia entities in light of Twombly and Iqbal, it is clear that Plaintiff has not met her pleading burden.  Plaintiff's claims against the Stoneweg and Varia entities are nothing more than "threadbare recitals" and "conclusory statements" that are insufficient to state a "plausible" claim upon which relief can be granted.  Accordingly, this Court should dismiss Plaintiff's claims against the Stoneweg and Varia entities in their entirety.

Case law clearly illustrates this point.  In Claudia Chambers v. Ashley Furniture Indus., Inc., Ish Moore & Ashley Homestores, Ltd., 2010 U.S. Dist. LEXIS 126969 (W.D.N.C. Nov. 9, 2010), the plaintiff brought action against several defendants under the theory that Ashley Furniture Industries, Inc. and Ashley Homestores, Inc. were in an integrated enterprise or joint employers with the plaintiff's actual employer, Ish Moore.

The Chambers Court found that the plaintiff had not made sufficient factual allegations in support of his theory under the pleading standards set forth in Twombly and Iqbal.  The plaintiff had not asserted that the several defendants had, for example, "(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control." Id.  The Magistrate Judge recommended dismissal under Rule 12(b)(6), since without such factual support, the integrated enterprise or joint employer claims were "naked assertion(s) devoid of further factual enhancement," and that legal labels and conclusions are not sufficient to withstand a motion to dismiss.  See id. at *15 ("Because Ish Moore was her employer, the only way

Plaintiff can bring a claim against Ashley Furniture and Ashley Home Stores is under the integrated enterprise or joint employer theory. In her First Complaint, Plaintiff's integrated enterprise and/or joint employer theory is a 'naked assertion devoid of further factual enhancement' and such legal labels and conclusions are not sufficient to withstand a motion to dismiss.")  See also E.E.O.C. v. American Laser Centers LLC, Case No. 1:09-CV-2247-AWI-DLB, 2010 U.S. Dist. LEXIS 82851 (E.D. Cal. Aug. 13, 2010) ("EEOC has not alleged any specific facts to support its claim that the Defendants were alter egos, joint-employers, successors, or an integrated enterprise. EEOC's allegation that the conduct at issue is attributable to all Defendants because each acted 'as a successor, alter ego, joint employer, integrated enterprise, agent, employee .... or under the direction and control of the others' is merely a conclusory allegation. EEOC does not plead any specific factual allegations that explain how the four Defendant companies are related to each other. The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); Cavallaro v. UMass Mem. Health Care, Inc., 2011 U.S. Dist. LEXIS 61003, *19-20 (D. Mass. June 8, 2011) ("Plaintiffs have failed to make plausible allegations that any of the eight corporate defendants is their employer under the FLSA—under either a joint- or single-employer theory. They have also failed to make plausible allegations that either of the two individual defendants is their employer under the statute.")

Similarly, Plaintiff's new claim in the Amended Complaint for "Reverse Veil Piercing" is wholly insufficient on its face to state a claim against the Varia and Stoneweg entities.  While the Amended Complaint labels the cause of action as "reverse piercing," it

appears that what Plaintiff is actually requesting is that this Court directly, and in advance of any finding of liability by PCWM, pierce the corporate veil and hold the Members of PCWM and those Members' Members responsible for the putative and unproven liability of PCWM, should it turn out that PCWM has insufficient ability to pay.  See Amended Complaint at paragraph 207.

Plaintiffs effort to add a veil piercing claim is not only premature, but it also is barred at this stage of the proceedings by 12 O.S. §682, which provides in pertinent part:

> B.   No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego.  * * *

> C.   Members and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsection B of this section.

Plaintiff's veil piercing efforts cannot proceed unless and until the prerequisites of §682 are satisfied.   Accordingly, her eighth claim in the Amended Complaint should be dismissed.

In addition to being premature, Plaintiff's veil piercing claim is also insufficient to state a claim against the Stoneweg and Varia entities.  The Tenth Circuit has explained that piercing the corporate veil under an alter ego theory can best be described by the following two-part test: (i) was there such unity of interest and lack of respect given to the personalities and assets of the corporation by its shareholders that the personalities and

assets of the corporation and the individual are indistinct, **and** (ii) would adherence to the corporate fiction sanction a fraud, promote injustice, or lead to an evasion of legal obligations. <u>NLRB v. Greater Kansas City Roofing</u>, 2 F.3d 1047, 1052 (10th Cir. 1993). Plaintiff's Amended Complaint does not contain sufficient allegations to satisfy either prong of this test.  Plaintiff alleges no facts to indicate that PCWM was not treated as a distinct entity from its Members, or alleged any facts to even suggest that honoring the corporate separateness of PCWM would perpetrate or further any type of fraud.  As with her other claims, Plaintiff's veil piercing claim lacks the specificity and substance required to state a viable cause of action.

## **CONCLUSION**

The allegations against the Stoneweg and Varia entities in Plaintiff's Amended Complaint "are nothing more than conclusory statements that are unaccompanied by specific factual averments, and, therefore, do not rise to the level of plausibility required to withstand a Rule 12(b)(6) motion." <u>Merswin v. Williams Co., Inc.</u>, No. 09-CV-0051-CVE-PJC, 2009 WL 1650373, at *6 (N.D. Okla. June 10, 2009); <u>see also</u> <u>Hampton v. Indep. School Dist. No. I-40 of Bryan County</u>, No. CIV-08-451-SPS, 2009 WL 19555310, at *1 (E.D. Okla. July 6, 2009) (granting a motion to dismiss because the plaintiff's complaint lacked plausibility, as required by <u>Iqbal</u>, because the plaintiff's complaint was "composed almost entirely of conclusory allegations…."). Accordingly, Plaintiff has failed to state a claim against the Stoneweg and Varia entities upon which relief can be granted, and Plaintiff's claims against the Stoneweg and Varia entities should be dismissed.

Respectfully submitted,


*s/Nathan L. Whatley*
Nathan L. Whatley, OBA # 14601
MCAFEE & TAFT A PROFESSIONAL
CORPORATION
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102-7103
Telephone:    (405) 235-9621
Facsimile:      (405) 235-0439
nathan.whatley@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS VARIA US TULSA, LLC, VARIA US HOLDINGS, LLC, STONEWEG US EMPLOYEES, LLC AND STONEWEG INVESTMENTS, LLC**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Teressa L. Webster, OBA #35018
**Attorney for the Plaintiff**

Benjamin D. Reed, OBA #22696
Jordan L. Berkhouse, OBA #33835
breed@bestsharp.com
*jberkhouse@bestsharp.com*
**Attorneys for Defendants**
**Vesta Realty, LLC, Woodland Manor's Best**
**Living, LLC, Woodland Manor TIC 1, LLC,**
**and Skylar Rae Mosby-Gudmundsson**

J. Randall Coffey, Admitted Pro Hac Vice
rcoffey@fisherphillips.com
**Attorney for Defendant**
**Bridge Property Management, L.C.**

*s/Nathan L. Whatley*
Nathan L. Whatley