**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RENEE JOHNSON,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 4:23-cv-00169-CVE-CDL** |
| **PC WOODLAND MANOR, LLC.,** | ) | |
| **an Oklahoma Foreign limited liability** | ) | |
| **company, et al.** | ) | |
|     **Defendants.** | ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT MOSBY'S MOTION TO DISMISS
(DOC # 58)**

Plaintiff, Renee Johnson, by and through undersigned counsel, responds to the Motion

to Dismiss for Failure to State a Claim and Brief in Support filed by defendant Skyler

Mosby-Gudmundsson ("Mosby").   Ms. Johnson respectfully requests the Court deny the

Motion.

**Argument and Authorities**

Dismissal "is a harsh remedy which must be cautiously studied, not only to effectuate

the spirit of the liberal rules of pleading but also to protect the interests of justice."   *Dias v.

City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).   To survive a motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In adjudicating this

motion, this Court must "accept all well-pleaded facts as true and view them in the light most

favorable to the plaintiff."   *Jordan–Arapahoe, LLP v. Board of County Com'rs of County of

Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011).

### A.   The complaint gives fair notice of the claims.

A complaint "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555

(2007).   Nor must it state "specific facts." *Webster v. Fairway Management, Inc.*, No. 22-

CV-239-TCK-SH, 2023 WL 6221767, at *2 (N.D. Okla. Sept. 25, 2023).   Rather, "the core

consideration is notice." *Scott v. City of Tulsa, Oklahoma*, No. 17-CV-400-TCK-CDL, 2022

WL 36879, at *7 (N.D. Okla. Jan. 4, 2022) (*citing Twombly*, 550 U.S. at 554-55).

The amended complaint places Mosby on notice as to which actions give rise to the

claims for relief and, though it need not do so, includes specific dates and circumstances.

For example:

- Her October 1, 2021 denial of a reasonable accommodation to the apartments' lease policy requested in a phone conversation with Ms. Johnson's social worker on September 28, 2021, Doc # 56, ¶¶ 106-107;
- Her denial of that reasonable accommodation without an attempt to discuss the matter, *id.*;
- Her return of duly paid rent on or about July 24, 2023 in retaliation for this lawsuit, *id.* at ¶¶ 131-145, 162-163;
- Her continued refusal to accept timely-tendered rent on August 1, 2023 in retaliation for this lawsuit, *id.* at ¶¶ 149-150, 162-163.

These allegations are concrete.   They give Mosby "fair notice" of the claims against

her and the grounds on which they rest. *See Twombly*, 550 U.S. at 554-55.   Indeed, she has

identified the grounds for Plaintiff's claim and argued that her actions do not violate the

FHA, state anti-discrimination or landlord-tenant laws in her motion to dismiss. *See*

*generally*, Doc # 58.

### B.   Ms. Johnson's allegations make facially plausible her discrimination claims

The FHA requires landlords to "make reasonable accommodations in rules, policies,

practices, or services, when such accommodations may be necessary to afford such person

equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Whether an

accommodation is reasonable is a question of fact, determined by a close examination of the particular circumstances. *Jankowski Lee & Assocs. v. Cisneros*, 91 F.3d 891, 895 (7th Cir. 1996), as amended (Aug. 26, 1996).

This fact-specific nature of a reasonable accommodation request "often renders . . . analysis inappropriate at the motion to dismiss stage. *Fedynich v. Inn Between of Longmont*, No. 17-CV-01952-WJM-STV, 2018 WL 4345190, at *5 (D. Colo. June 1, 2018), *report and recommendation adopted*, No. 17-CV-1952-WJM-STV, 2018 WL 3868705 (D. Colo. Aug. 15, 2018) (citations omitted).

Mosby contends that the denial was not unlawful because the requested accommodation was against city ordinance.   Her contention fails for two reasons.

First, <u>Mosby must prove that city ordinance applies</u>.   Woodland Manor is private property.   If the property is surrounded by fences, it is unclear that the dog could be considered at large.   Whether city ordinance applies depends on facts not resolved by the pleadings. Dismissal at this early stage is inappropriate.

Second, <u>Mosby failed to engage in a dialogue</u> about the accommodation request before denying it.   Landlords have a duty to investigate and engage in an interactive process when receiving a reasonable accommodation request.   *See e.g., Jankowski* , 91 F.3d at 895 (holding "it is incumbent upon the landlord to request documentation or open a dialogue"); *Armant v. Chat-Ro Co.*, No. CIV.A.00-1402, 2000 WL 1092838, at *2 (E.D. La. 2000) (holding landlords have "a duty to inquire or investigate further" if there is doubt as to the need for an accommodation); *Montano v. Bonnie Brae Convalescent Hosp., Inc.*, 79 F. Supp. 3d 1120, 1127 (C.D. Cal. 2015) (noting the "defendant was required to engage in an interactive process"); *Book v. Hunter*, No. 1:12-CV-00404-CL, 2013 WL 1193865, at *4 (D.

3

Or. 2013) (concluding the defendants were "required to engage in an interactive process" under the FHA).   Here, Mosby did not engage in a dialogue or interactive process with Ms. Johnson, denying the request three days later.

### C.   Plaintiff's allegations make facially plausible her retaliation claims

Coercion, threats, or any other interference with a person's exercise or enjoyment of any right granted or protected by the FHA is unlawful.   *See* 42 U.S.C. § 3617; 24 CFR § 100.400.   A prima facie case of retaliation consists of (1) a protected activity; (2) adverse action; and (3) a "a causal connection between [the] protected activity and the alleged adverse action."   *See Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017) (citations omitted).   These elements have been explained in the following ways:

- "Protected activity" includes filing a lawsuit to enforce the FHA.   *See e.g., Oxford House, Inc. v. City of Baton Rouge, La.*, 932 F. Supp. 2d 683, 700 (M.D. La. 2013).

- "Adverse action" includes filing an eviction.   *Fedynich v. Inn Between of Longmont*, No. 17-CV-01952-WJM-STV, 2018 WL 4345190, at *6 (D. Colo. 2018), *report and recommendation adopted*, No. 17-CV-1952-WJM-STV, 2018 WL 3868705 (D. Colo. 2018).

- "A causal connection" is made plausible by temporal proximity between the protected activity and the adverse action.   *See Haycraft v. Fid. Mgmt. Corp.*, No. CIV.A. 13-1254-MLB, 2014 WL 3361759, at *4 (D. Kan. July 9, 2014) (*citing Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir.1999)).

The filing of this case was a protected activity. *See e.g., Oxford House, Inc.,* 932 F. Supp. 2d at 700.   Mosby took adverse action when she refused and returned duly paid rent,

and then issued a notice to quit that demanded payment of the rent that was already paid, Doc # 56, ¶¶ 149-150, preceding an eviction lawsuit which sued for the same rent that was refused and returned.   The temporal proximity makes it more than just plausible that there is a causal connection between the protected activity and the adverse action.   *See Haycraft*, at *4.   Ms. Johnson has therefore met her burden at this stage of the litigation.

Mosby contends that she had a nondiscriminatory, nonretaliatory reason for returning Ms. Johnson's rent: that her firm has a policy of not accepting partial payments.   Whether this policy is the true reason for Mosby returning rent, however, is a question for the fact finder, or, at the very least, for the court on summary judgment.   At this stage of the pleading, the allegations made in the complaint make the claims for relief plausible, and that is all that is necessary.

### D.    Vicarious liability does not relieve Mosby of liability.

Mosby contends that she should be dismissed out because "any alleged violation by her . . . would be properly attributed to the entity parties already named in this matter."   Doc # 58, at 9.   In short, Mosby argues vicarious liability transfers liability from the agent to the principal.

This is incorrect.   An agent is "not relieved from liability by the fact that he acted at the command of the principal or on account of the principal."   Restatement (Second) of Agency § 343 (1958).   Courts have repeatedly rejected attempts by agents to escape liability under the FHA on the grounds that the principal is vicariously liable.   *See e.g., Arnal v. Aspen View Condo. Ass'n, Inc.*, 245 F. Supp. 3d 1261, 1267 (D. Colo. 2017) (internal quotations and citations omitted); *Dillon v. AFBIC Development Corp.*, 597 F.2d 556, 562–63 (5th Cir. 1979); *Jeanty v. McKey & Poague, Inc.*, 496 F.2d 1119, 1120–21 (7th Cir. 1974)

(and cases cited); *Fair Hous. Res. Ctr., Inc. v. DJM's 4 Reasons Ltd.*, 499 F. App'x 414, 416

(6th Cir. 2012).   HUD regulations also explain that agents are responsible for their "own

conduct that results in a discriminatory housing practice."   24 C.F.R. § 100.7(a)(1)(i).

Defendant Mosby is liable for her own actions.   If the complaint's allegations make

plausible that other defendants are vicariously liable for Mosby's unlawful actions, the

claims against Mosby are also plausible and must survive.

**<u>Conclusion</u>**

Ms. Johnson requests that this Court deny the Motion to Dismiss.   Should this court

grant the motion to dismiss, Ms. Johnson requests leave to file a further amended complaint.

Date: November 2, 2023

Respectfully Submitted,

**/s/Teressa L. Webster**
Teressa L. Webster, OBA No. 30767
Attorney for Petitioner
Legal Aid Services of Oklahoma, Inc
530 Court Street
Muskogee, Oklahoma 74401
(T) 918-683-5681
(F) 918-683-5690
(E) Teressa.Webster@laok.org