IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Renee Eilene Johnson,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>PC Woodland Manor, LLC, an<br>Oklahoma foreign liability company,<br>et al,<br>　　　　　　　　Defendants. | Case Number: 23-CV-169-CVE-CDL |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANTS VARIA US TULSA, LLC, VARIA US HOLDINGS, LLC, STONEWEG INVESTMENTS, LLC AND STONEWEG US EMPLOYEES, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH BRIEF IN SUPPORT (DOC. 63).**

**COMES NOW**, the Plaintiff, Renee Johnson and responds in opposition to the Varia and Stoneweg Defendants' motion to dismiss the amended complaint and brief in support (Doc. 63). For the reasons set forth herein, the Plaintiff requests that this Court deny the Defendants' motion and order the case to proceed.

## INTRODUCTION

The Varia and Stoneweg Defendants attack the Plaintiff's Amended Complaint pursuant to **FRCP 12 (B) (6)**. The Varia and Stoneweg Defendants do not allege that the facts, pleaded by the Plaintiff, insufficiently support the individual claims raised by the Plaintiff in this case. Therefore, this Court must accept as true that the Plaintiff's claims are sufficiently pleaded, and that claims are outside of the scope of the requested **FRCP 12 (B) (6)** review. Rather, the Varia and Stoneweg Defendants seek dismissal solely

based upon arguments that they should not be named as Parties to this action. The Court should deny the Defendants' motion to dismiss because it is improper. The Plaintiff has sufficiently pleaded facts to support her claims. Therefore, the Defendants have failed to state a claim for dismissal under **FRCP 12 (B) (6)**.

## AUTHORITIES

> At the motion-to-dismiss stage, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

**Thomas v. Kaven**, 765 F.3d 1183, 1190–91 (10th Cir. 2014) (Internal citations omitted).

> Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief. All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. All reasonable inferences must be indulged in favor of the plaintiff, and the pleadings must be liberally construed. The question is not whether a plaintiff will ultimately prevail, but whether he [or she] is entitled to offer evidence in support of his [or her] claims.

**Obbards v. Horton Cmty. Hosp., Inc.,** 164 F.R.D. 553, 555 (D. Kan. 1996) (Internal citations omitted).

> The Ninth Circuit has instructed that the "threshold for pleading discrimination claims under the [FHA] is low." *McGary*, 386 F.3d at 1262. In *McGary*, the Ninth Circuit reiterated that it has explicitly applied the pleading requirements stated in the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), to FHA claims. *McGary*, 386 F.3d at 1262 (citing *Gilligan*, 108 F.3d at 248–49). In *Gilligan*, the Ninth Circuit held that for claims alleging violations of the FHA there is a "powerful presumption against rejecting pleadings for failure to state a claim." 108 F.3d at 249

(quotation marks and citation omitted). Finally, the Supreme Court has recognized the FHA's "broad and inclusive compass" and has instructed courts to accord a "generous construction to the Act's complaint-filing provision.

**Egbukichi v. Wells Fargo Bank, NA**, 184 F. Supp. 3d 971, 983 (D. Or. 2016).

## ARGUMENTS

The Varia and Stoneweg Defendants do not argue that the Plaintiff's alleged facts fail to state a claim that she is entitled to relief from some party. Rather, they argue that the Plaintiff has not pleaded sufficient facts to support her claims that she is entitled to relief from them.

In her Amended Complaint, paragraph 25, the Plaintiff, relying upon a statement published by Varia US Properties, AG, pleaded as fact, the target structure of Varia US Properties AG. In paragraphs 24-36 of her Amended Complaint, the Plaintiff pleaded facts to support a reasonable inference that Movants are properly included in this action because they controlled, owned and/or managed PCWM during her tenancy.

**In re SemGroup Energy Partners, L.P.**, 729 F. Supp. 2d 1276 (N.D. Okla. 2010), the plaintiffs sought to recover from a subsidiary for the acts and liabilities of employees of their "parent" corporation. **SemGroup** involved a merger of two corporations. The **SemGroup** court stated, "It is deeply ingrained in our economic and legal systems that a parent corporation ... is not liable for the acts of its subsidiaries simply by virtue of corporate ownership." **In re SemGroup Energy Partners, L.P.**, 729 F. Supp. 2d 1276, 1306 (N.D. Okla. 2010). The Movants concede a relationship with PCWM. The Movants' reliance upon **SemGroup** is misplaced. The Plaintiff has not

alleged a parent-subsidiary relationship between PCWM and the Movants. **SemGroup** simply does not address the relationship between the Movants and PCWM that the Plaintiff pleads.

Moreover, **Claudia Chambers v. Ashley Furniture Indus., Inc., Ish Moore & Ashley Homestores, Ltd.,** 2010 U.S. Dist. LEXIS 126969 (W.D.N.C. Nov. 9, 2010) is even less helpful to the Movants. **Chambers** was an employment case. The factors relied upon by the Movants are the factors that the **Chambers** court considered for the "integrated employer" and "joint employer" analyses. They had nothing to do with any of the facts pleaded herein nor the theories of recovery set forth herein. Accordingly, it is wholly inapplicable to this case.

In the Amended Complaint, the Plaintiff alleged that the Varia Defendants owned PCWM, and that the Stoneweg Defendants managed PCWM. (Doc. ¶ 11). The Plaintiff included well pleaded facts to support her claims that the Movants were joint venturers in the PCWM complex. The Defendants' Exhibits to their Motions to Dismiss admit the existence of the management relationship of PCWM. The Court must accept as true the facts pleaded by the Plaintiff as to the Movants' relationship with PCWM and their connection with the complex. The extent of involvement in the management of the complex – including its day-to-day operations, policy and decision making, and employee control are questions of fact that are not the proper subjects of a **FRCP 12 (B)(6)** motion. They are matters reserved for discovery.

In similar fashion, the Movants' request to dismiss the Plaintiff's claim for reverse

veil piercing fails. **12 O.S. § 682 (B)** provides,

> B. No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. **Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation, not within the scope of their role as an officer, director or shareholder, arising out of or in connection with their direct involvement in the same or related transaction or occurrence.**

Plaintiff herein seeks recovery against the Movants for their own conduct, and not just that of PCWM. Furthermore, the Plaintiff maintains that the Movants divested PCWM of its only asset and divided the proceeds among themselves. (Amended Complaint, ¶ 203). Movants do not cite to any authority to support their positions as to the impropriety of a reverse veil piercing claim where their conduct is at issue. Their conduct warrants reverse piercing in this case and warrants the denial of their request to dismiss.

**WHEREFORE**, in conclusion Plaintiff requests that the Court deny the motion of the named Defendants and order the Defendants to answer the Amended Complaint.

Date:: November 2, 2023      Respectfully Submitted,

s/Teressa L. Webster
Teressa L. Webster, OBA No. 30767
Legal Aid Services of Oklahoma, Inc.
530 Court Street
Muskogee, Oklahoma 74401
Telephone: 918-683-5681
Facsimile: 918-683-5690
Email: Teressa.Webster@laok.org
*Attorney for the Plaintiff,*
Ms. Renee Johnson

## CERTIFICATE OF SERVICE

  This is to certify that I served notice of the foregoing document on the Defendants by serving their Counsels of record through this Court's Case Management Electronic Court Filing System.

Date: November 2, 2023      s/Teressa L. Webster
                  Teressa L. Webster, OBA No. 30767
                  Legal Aid Services of Oklahoma, Inc.
                  530 Court Street
                  Muskogee, Oklahoma 74401
                  Telephone: 918-683-5681
                  Facsimile: 918-683-5690
                  Email: Teressa.Webster@laok.org
                  *Attorney for the Plaintiff,*
                  Ms. Renee Johnson