IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RENEE JOHNSON,** )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>**PC WOODLAND MANOR, LLC.,** )<br>an Oklahoma Foreign limited liability )<br>company, et al. )<br>  Defendants. ) | Case No.: 4:23-cv-00169-CVE-CDL |

### RESPONSE IN OPPOSITION TO DEFENDANT VESTA'S MOTION TO DISMISS (DOC # 60)

Plaintiff, Renee Johnson, by and through undersigned counsel, responds to the Motion to Dismiss for Failure to State a Claim and Brief in Support filed by defendant Vesta Realty, L.L.C. ("Vesta"). Ms. Johnson respectfully requests the Court deny the Motion.

### Argument and Authorities

Dismissal "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In adjudicating this motion, this Court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan–Arapahoe, LLP v. Board of County Com'rs of County of Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011).

A complaint "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555 (2007). Nor must it state "specific facts." *Webster v. Fairway Management, Inc.*, No. 22-

CV-239-TCK-SH, 2023 WL 6221767, at *2 (N.D. Okla. Sept. 25, 2023). Rather, "the core consideration is notice." *Scott v. City of Tulsa, Oklahoma*, No. 17-CV-400-TCK-CDL, 2022 WL 36879, at *7 (N.D. Okla. Jan. 4, 2022) (*citing Twombly*, 550 U.S. at 554-55).

Ms. Johnson has not "sued Vesta on the basis that it is the registered agent of Defendants WMT and WMBL." Doc # 60, at 5. Rather, Ms. Johnson has pled sufficient facts to make plausible her claims against Vesta under the doctrines of *respondeat superior* and successor liability.

### A. *Respondeat superior* applies.

Employers may be vicariously liable for acts of their agents or employees in the scope of their authority or employment. *Meyer v. Holley*, 537 U.S. 280, 285 (2003). "A person is vicariously liable for a discriminatory housing practice by the person's agent or employee . . . ." 24 C.F.R. § 100.7(b).

Here, Ms. Johnson has alleged that Vesta retained Ms. Mosby, among other office staff, and that she was acting as their "agent and onsite property manager." Doc. # 56, ¶ 135. Responding to reasonable accommodation requests, accepting rent, and filing evictions is within the scope of a property manager's authority and employment. Vesta, therefore, could be liable for those actions if they are unlawful.

Vesta specifically contemplates a *respondeat superior* argument in its motion to dismiss, Doc # 60, at 6, but does not attempt to suggest that the doctrine does not apply. While it incorporates the arguments within the Motion to Dismiss filed by Ms. Mosby, *id.*, it does not argue that the actions taken by other unnamed staff members are not actionable. See Doc. # 56, ¶¶ 138, 140.

**B. Vesta's liability for retaliatory actions by office staff after its purchase is plausible under the doctrine of *respondeat superior.***

Coercion, threats, or any other interference with a person's exercise or enjoyment of any right granted or protected by the FHA is unlawful. *See* 42 U.S.C. § 3617; 24 CFR § 100.400. A prima facie case of retaliation consists of (1) a protected activity; (2) adverse action; and (3) a "a causal connection between [the] protected activity and the alleged adverse action." *See Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017) (citations omitted). These elements have been explained in the following ways:

- "Protected activity" includes filing a lawsuit to enforce the FHA. *See e.g., Oxford House, Inc. v. City of Baton Rouge, La.*, 932 F. Supp. 2d 683, 700 (M.D. La. 2013).

- "Adverse action" includes filing an eviction. *Fedynich v. Inn Between of Longmont*, No. 17-CV-01952-WJM-STV, 2018 WL 4345190, at *6 (D. Colo. 2018), *report and recommendation adopted*, No. 17-CV-1952-WJM-STV, 2018 WL 3868705 (D. Colo. 2018).

- "A causal connection" is made plausible by temporal proximity between the protected activity and the adverse action. *See Haycraft v. Fid. Mgmt. Corp.*, No. CIV.A. 13-1254-MLB, 2014 WL 3361759, at *4 (D. Kan. July 9, 2014) (*citing Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir.1999)).

The filing of this case was a protected activity. *See e.g., Oxford House, Inc.,* 932 F. Supp. 2d at 700. Vesta, acting through Mosby, took adverse action when Mosby refused rent, demanded an unlawful late fee,[1] and returned duly paid rent, and then issued a notice to

---

[1] Late fees in residential lease agreements are, generally, unlawful under Oklahoma law unless supported by a showing of actual damage by the landlord. *See* 15 O.S. § 214; *see also*

3

quit that demanded payment of the rent that was already paid, ¶¶ 149-150, preceding an eviction lawsuit which sued for the same rent that was refused and returned. The temporal proximity makes more than just plausible a causal connection between the protected activity and the adverse action. *See Haycraft*, at *4. Ms. Johnson has therefore met her burden at this stage of the litigation.

Vesta may contend that it had a nondiscriminatory, nonretaliatory reason for returning Ms. Johnson's rent: a policy of not accepting partial payments. Whether this policy is the true reason for Mosby returning rent, however, is a question for the fact finder, or, at the very least, for the court on summary judgment. At this stage of the pleading, the allegations made in the complaint make the claims for relief plausible, and that is all that is necessary.

### C. Successor liability makes plausible claims against Vesta for actions taken by its successors.

A corporation may be liable for actions taken by a predecessor if the successor is a "mere continuation" of the predecessor. *See Equal Rts. Ctr. v. Equity Residential*, No. CCB-06-1060, 2016 WL 1258418, at *5 (D. Md. Mar. 31, 2016) (applying successor liability in the fair housing context) (*citing United States v. Carolina Transformer Co.*, 978 F.2d 832, 837 (4th Cir. 1992)). Courts apply a "continuity of enterprise" theory in such cases, which considers whether the business retains the same employees, management, name, and general operations. *Id*. If continuity of enterprise is maintained, a corporation may be liable for the actions of its predecessors. *Id*.

Here, Ms. Johnson has pled sufficient facts to make plausible that Vesta is liable for

---

*Sun Ridge Inv. v. Parker*, 1998 OK 22, ¶13 (striking a late charge in the absence of a showing of actual costs incurred by the landlord).

its predecessors' unlawful actions. Vesta retained Ms. Mosby, the name Woodland Manor, and there is no indication to suggest that it changed its general operations after acquiring the property. But even if these allegations were not clear, disposal of claims against Vesta are inappropriate at this stage because balancing factors for a continuity of enterprise theory is fact intensive and more appropriate for resolution at the summary judgment stage. "The core consideration is notice," *see Scott*, 2022 WL 36879, at *7, and Vesta has adequate notice of the claims against it.

## Conclusion

Ms. Johnson requests that this Court deny the Motion to Dismiss. Should this court grant the motion to dismiss, Ms. Johnson requests leave to file a further amended complaint.

Date: November 2, 2023

Respectfully Submitted,

**/s/Teressa L. Webster**
Teressa L. Webster, OBA No. 30767
Attorney for Petitioner
Legal Aid Services of Oklahoma, Inc
530 Court Street
Muskogee, Oklahoma 74401
(T) 918-683-5681
(F) 918-683-5690
(E) Teressa.Webster@laok.org