IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RENEE JOHNSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00169-CVE-CDL |
| | ) | |
| **PC WOODLAND MANOR, LLC,** | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS VARIA US TULSA, LLC, VARIA US HOLDINGS, LLC, STONEWEG INVESTMENTS, LLC AND STONEWEG US EMPLOYEES, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS <u>PLAINTIFF'S AMENDED COMPLAINT</u>**

COME NOW Defendants Varia US Tulsa, LLC (VUT), Varia US Holdings, LLC (VUH), Stoneweg Investments, LLC (SI) and Stoneweg US Employees, LLC (SUE) (Defendants or the "Stoneweg and Varia entities") and for their Reply in support of their Motion to Dismiss Plaintiff's Amended Complaint state:

1. Plaintiff opens her Response with the contention that Plaintiff should somehow avoid having her claims against the Stoneweg and Varia entities dismissed because Defendants have only argued that Plaintiff has not pled sufficient facts to state a claim <u>against</u> <u>them</u> and have not pled that she cannot state a claim against some other party. Plaintiff offers no legal support or authority buttressing this theory, nor does Plaintiff provide any analysis that would help the Court reach such a conclusion. More importantly, Plaintiff's theory is squarely at odds with the Supreme Court's analysis in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009), where the Court noted repeatedly that, while the

allegations in Iqbal's complaint might have been sufficient against other defendants, it was not sufficient to state a claim against the petitioners who were before the Court. Iqbal 566 U.S. at 682-684. The Court noted specifically that its decision was focused only on the determination that the complaint did not entitle Iqbal "to relief from petitioners." Id. at 684.

  2. Identical to the introduction section, the remainder of Plaintiff's Response is devoid of any meaningful rebuttal of Defendants' clear showing and demonstration that Plaintiff has failed to state a claim against them. Plaintiff's Response fails to address and completely ignores the pleading standard set forth by the Supreme Court in Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) and Iqbal, supra. Instead, Plaintiff predominantly relies on a 1996 case from the District of Kansas for the proposition that motions to dismiss are disfavored. see Obbards v. Horton Cmty. Hosp., Inc., 164 F.R.D. 553 (D. Kan. 1996). Plaintiff cites to one Tenth Circuit case decided after Iqbal and Twombly – Thomas v. Kaven, 765 F.3d 1183 (10th Cir. 2014), but Plaintiff still offers no analysis of that case, and she makes no effort to apply it to her pleadings. Rather, Plaintiff simply quotes from Thomas for the proposition that, to avoid dismissal, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. As unequivocally demonstrated in Defendants' opening brief, it is this standard that Plaintiff's Amended Complaint fails to meet.

  3. The only other authority relied on by Plaintiff is a District of Oregon case which she cites for the generalized proposition that "the Ninth Circuit has instructed that the threshold for pleading discrimination claims under the [FHA] is low." See Egbukichi

v. Wells Fargo Bank, NA, 184 F.Supp3d 971 (D. Or. 2016). Again, Plaintiff makes no attempt to apply the Egbukichi case to the facts alleged in her Amended Complaint and she overlooks the fact that the Egbukichi court, relying upon the standards established in Iqbal and Twombly, dismissed the FHA claims, and related state-law claims of the plaintiffs for failure to state a claim upon which relief could be granted. Id. at 974, 983-984.

    4.    Plaintiff contends that she has pleaded sufficient facts to support that the Stoneweg and Varia entities were joint venturers in the Woodland Manor apartment complex. However, critically, Plaintiff does not allege any joint venture between Defendants and PC Woodland Manor LLC ("PCWM"), but only among the Stoneweg and Varia entities. See paragraph 35 of Plaintiff's Amended Complaint [Dkt No. 56]. Even then, Plaintiff does not plead facts to support such a relationship, but only the bare conclusion that these defendants are joint venturers. As noted in Defendants' opening brief, the only facts Plaintiff alleges in this regard are the ownership relationships and connections between the entities. Despite the fact that Plaintiff's allegations all relate to the ownership structure of PCWM, Plaintiff admits in her Response that she cannot base any claim against Defendants based on their status as parent and grandparent companies of PCWM.

    5.    Realizing that she cannot predicate any of her claims against the Stoneweg and Varia entities on their ownership interest(s) in PCWM, Plaintiff claims in her Response that Defendants have admitted a "management relationship" with PCWM. See Plaintiff's Response at p. 4. Once again, Plaintiff is relying on a generalized and undefined label to

try to extend her claims beyond their legitimate reach. Plaintiff refers to an alleged management relationship with the "Movants" when in fact there is **no** reference to any management activity by, or management relationship with, any of the Stoneweg and Varia Defendants in Defendants' opening brief. Defendants explain on Page 5 of their opening brief that, a company known as Stoneweg U.S., LLC is the Manager of PCWM. However, Stoneweg U.S., LLC is not a named party to this action, or even mentioned in Plaintiff's Amended Complaint or her Response to Defendants' Motion to Dismiss. Stoneweg U.S., LLC's involvement with PCWM cannot be used to infer any management activity by any of the named Defendants. Moreover, Plaintiff has still never alleged any particular actions were ever taken by any of the Stoneweg or Varia Defendants (or even by Stoneweg U.S., LLC) that affected or influenced the daily operations of the Woodland Manor apartment complex where she resided, much less the actions that she complains about in this case.

6.     Plaintiff's Amended Complaint and her Response to Defendants' Motion to Dismiss reflect a fundamental misunderstanding and mischaracterization of the nature of a claim for reverse piercing of the corporate veil. Plaintiff's Amended Complaint purports to bring a claim against Defendants for "Reverse Piercing," and states at paragraph 207 that she is seeking to pierce the veil in order to hold the Stoneweg and Varia entities liable to the extent that PCWM has insufficient ability to pay some hoped for future judgment. Clearly, Plaintiff's request is not for reverse piercing. Reverse Piercing occurs when a court disregards a corporate entity to make the assets of a corporation available to pay the debts of one of its shareholders. See Mattingly Law Firm P.C. v. Henson, 466 P.3d 590, 2020 OK Civ. App. 19 (Okla.Civ.App. 2020). Here, the Stoneweg and Varia entities are

the members (akin to shareholders) of PCWM and its parent companies – which is the opposite of the relationships that might be involved in a reverse piercing. Thus, any veil piercing would not be reverse, but would look to the owners of PCWM to pay PCWM's putative debts. As such, any such claim is premature and barred under the provisions of 12 O.S. §682. See Defendants' opening brief at Page 12.

7.  Strangely enough, Plaintiff tries at one point to save her Reverse Piercing claim by arguing that she is not trying to pierce the corporate veil. Additionally, Plaintiff's Response attempts to avoid the impact of Section 682 by recasting her claim as one based solely on the direct actions of the Stoneweg and Varia entities. See Plaintiff's Response at Page 5. If that is the case, then no veil piercing would be required, and as a result, Plaintiff's Eighth Cause of Action should be dismissed. Plaintiff reverts back in the same paragraph to arguing that Defendants' actions somehow justify reverse piercing, but she never explains what actions would support her claim, and in similar fashion, she never explains in what way this reverse piercing would supposedly operate.

8.  In sum, Plaintiff's Response does not address the applicable pleading standard and offers nothing to take the conclusory statements in her Amended Complaint to the level of plausibility required to withstand a Rule 12(b)(6) motion. Plaintiff has failed to state a claim against the Stoneweg and Varia entities upon which relief can be granted, and thus Plaintiff's claims against these Defendants should be dismissed with prejudice.

Respectfully submitted,

*s/Nathan L. Whatley*
Nathan L. Whatley, OBA # 14601
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102-7103
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
nathan.whatley@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS VARIA US TULSA, LLC, VARIA US HOLDINGS, LLC, STONEWEG US EMPLOYEES, LLC, STONEWEG INVESTMENTS, LLC AND PC WOODLAND MANOR, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this matter.

*s/Nathan L. Whatley*
Nathan L. Whatley