UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RENEE EILEEN JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 23-CV-0169-CVE-CDL |
| | ) |
| **PC WOODLAND MANOR, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT BRIDGE PROPERTY MANAGEMENT'S RESPONSE
TO PLAINTIFF'S MOTION TO FILE OUT OF TIME A RESPONSE IN
OPPOSITION TO [DEFENDANT BRIDGE]'S MOTION TO DISMISS (DOC. 61)**

Defendant Bridge Property Management, L.C. (hereafter "Bridge") responds to Plaintiff's Motion to File Out of Time a Response in Opposition to the Defendant's Motion to Dismiss (Doc. 75). In response to Plaintiff's Motion, Defendant Bridge states as follows:

1. On September 28, 2023, Defendant Bridge filed its Motion to Dismiss Plaintiff's Corrected First Amended Complaint and supporting brief. (Doc. 61) Plaintiff's response brief, pursuant to LCvR7-1(e), therefore was due on October 19, 2023.

2. Pursuant to a request from Plaintiff's counsel, Defendant Bridge's counsel consented to an extension for the responsive brief until November 2, 2023, Plaintiff filed a motion making that request, and the Court granted the unopposed motion for extension of time until that date. (*See* Doc. 65, Plaintiff's motion, and Doc. 66, the Court's 10/20/23 Order granting the extension until November 2, 2023)

3. Although as Plaintiff's counsel recounts, she drafted and sent an email on November 3, 2023 to counsel for Defendant Bridge at 8:47 a.m. (attached as Exhibit A), the text of which stated as follows: "Plaintiff is going to file a request to file the response to Bridge's MTD

out of time. Plaintiff's counsel has been sick with a migraine since Monday [October 30, 2023] of this week. I am going to request that the court grant until the end of today [November 3] for me to file. Does the Defendant Object?" As noted by Plaintiff's counsel in Plaintiff's current motion, Defendant's counsel had not seen the November 3, 2023 until Plaintiff's counsel forwarded it to him on November 22, 2023, and then was unable to locate the November 3 email in either his email box or in his spam folder.

4. Defendant Bridge's counsel received no call or voice-mail message from Plaintiff's counsel on November 3, 2023 (or, for that matter, at any time thereafter, until late on the afternoon of November 22, 2023, immediately before Plaintiff filed the present motion (Doc. 75)).

5. Despite Plaintiff's counsel stating in the November 3 email that she was going to file a motion requesting that the Court grant Plaintiff until the end of the day on November 3 to file the response to Defendant Bridge's motion to dismiss, Plaintiff actually did ***not*** file any motion seeking leave to file Plaintiff's response to Defendant Bridge's motion to dismiss out of time on November 3, 2023 (which she seemingly attributes to not having received a response to the November 3, 2023 email).

6. Instead, knowing that the response already was overdue, Plaintiff inexplicably waited almost three weeks, until November 22, 2023, to take any action whatsoever, belatedly filing Plaintiff's Motion to File Out of Time (Doc. 75) on that date; indeed, Plaintiff's counsel states that she already realized as of November 3, 2023 that Plaintiff's response to Defendant Bridge's motion to dismiss (Doc. 61) was overdue. In fact, knowing that the response was overdue on November 3, Plaintiff has offered no explanation for not proceeding to file this motion for leave to file her response to Defendant Bridge's motion to dismiss out of time at that point or during the ensuing almost three-week period.

7. While Defendant Bridge is sympathetic to Plaintiff's counsel having had COVID in September 2023, this fails to explain not having taken any action to address the untimely filing at the beginning of November 2023 and the almost three-week failure thereafter to seek leave to file out of time.

8. *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 392 (1993), in the context of Fed. R. Civ. P. 6(b), and applying "excusable neglect" standard); *cf. Moore v. City of Tulsa*, No. 14-CV-0152-CVE-FHM, at *3-4 (N.D. Okla. Dec. 3, 2014) (applying excusable neglect standard, citing case for proposition that inadvertence, *inter alia*, does not constitute excusable neglect). The elements that courts evaluate in determining whether a party has actually shown that the delay in filing was caused by "excusable neglect" include the following: "1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party." *Moore*, No. 14-CV-0152-CVE-FHM, at *3-4; *see Panis*, 60 F.3d at 1495. "The most important factor is the third" and "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017). With regard to factors (1) and (2), Defendant Bridge has suffered a delay of more than six weeks in this proceeding (given that Defendant's reply brief would have been filed on November 16 absent Plaintiff's untimeliness), even if it has not been substantively prejudiced. In addition, the Court has been inconvenienced in terms of addressing Defendant Bridge's motion to dismiss (Doc. 61) along with the motions to dismiss of other parties (which now are fully briefed), as the Court specified in its Order extending Plaintiff's original response date to the motions to dismiss and

3

setting deadlines for Defendants to file their replies. *See* Doc. 66 (10/20/23 Minute Order). More significantly, as to factors (3) and (4), there is no question that the delay here was within the "reasonable control" of the movant; knowing on November 3, 2023 that her response already was untimely, Plaintiff did not file a motion seeking additional time or seeking leave to file out of time. Plaintiff has offered no reason whatsoever for not taking any action to seek relief from the Court at that time, and then waiting almost three additional weeks before filing her current motion belatedly seeking leave to file out of time. It is impossible given the entire lack of explanation for this delay to evaluate factor (4), but nonetheless factor (3) is the most important factor. Plaintiff's inadequate/non-existent explanation for the delay in regard to the failure to file a motion on November 3 or for waiting almost three weeks to file the present motion "by itself, [is] sufficient to reject a finding of excusable neglect." *Perez*, 847 F.3d at 1253.

**WHEREFORE**, for the foregoing reasons, Defendant Bridge Property Management, L.C. requests that the Court deny Plaintiff's belated Motion To File Out of Time A Response in Opposition to Defendant [Bridge]'s Motion to Dismiss (Doc. 61).

Dated:  November 27, 2023

                                        Respectfully submitted,

                                       */s/ J. Randall Coffey*
                                      J. Randall Coffey (admitted N.D. Okla.)
                                      FISHER & PHILLIPS LLP
                                      4622 Pennsylvania Ave, Suite 910
                                      Kansas City, MO 64112
                                      Phone:  (816) 842-8770
                                      Facsimile:  (816) 842-8767
                                      Email:  rcoffey@fisherphillips.com

                                      ATTORNEY FOR DEFENDANT BRIDGE PROPERTY MANAGEMENT, L.C.

## **CERTIFICATE OF SERVICE**

I certify on this 27th day of November, 2023 that a true and correct copy of the above and foregoing document was filed using the Court's CM/ECF system which will automatically send electronic notice of filing to the following:

Teressa L. Webster, OBA
Legal Aid Services of Oklahoma, Inc.
530 Court Street
Muskogee, OK  74401
Teressa.Webster@laok.org

Nathan L. Whatley
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Nathan.whatley@mcafeetaft.com

Benjamin D. Reed
Jordan L. Berkhouse
Best & Sharp
Williams Center Tower 1
One W. 3rd Street
Ste 900
Tulsa, OK 74103
918-582-1234
Fax: 918-585-9447
breed@bestsharp.com
jberkhouse@bestsharp.com

*/s/  J. Randall Coffey*
Attorney for Defendant Bridge
Property Management, L.C.