IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. **Renee Eilene Johnson,**      )<br>                                                         )<br>             Plaintiff,              )<br>                                                         )<br>v.                                                     )<br>                                                         )<br>1. **PC Woodland Manor, LLC,** an )<br>Oklahoma foreign liability           )<br>company,                                       )<br>                                                         )<br>2. **Bridge Property Management,** )<br>**LLC,** An Oklahoma foreign        )<br>limited liability company,           )<br>                                                         )<br>3. **RPM Living**, LLC, an           )<br>Oklahoma registered foreign      )<br>Limited Liability Company,        )<br>                                                         )<br>4. **Vesta Realty, LLC**, an          )<br>Oklahoma foreign limited          )<br>liability company,                        )<br>                                                         )<br>5. **Woodland Manor's Best**      )<br>**Living, LLC**, an Oklahoma       )<br>foreign limited liability              )<br>company,                                       )<br>                                                         )<br>6. **Skylar Rae Mosby-**              )<br>**Gudmundsson**, in her capacity )<br>as agent for the corporate entities )<br>and in her individual capacity,   )<br>                                                         )<br>7. **Woodland Manor TIC 1, LLC**, )<br>an Oklahoma foreign limited     )<br>liability company,                        )<br>                                                         )<br>8. **Varia US Tulsa, LLC**, a         )<br>Delaware Limited Liability        )<br>Company,                                     )<br>                                                         )<br>9. **Varia US Holdings, LLC**, a    )<br>Delaware Limited Liability        )<br>Company,                                     )  | Case No. 23-cv-169-CVE-CDL |

{00695311}

| | |
|---|---|
| **10. Varia US Properties, AG,** Switzerland, a Swiss real estate company, | ) ) ) ) |
| **11. Stoneweg Group**, a Geneva, Switzerland based international real estate and investment management firm, | ) ) ) ) ) |
| **12. Stoneweg Investments, LLC**, a Delaware Limited Liability Company, | ) ) ) ) |
| **13. Stoneweg US employees, LLC,** a Delaware Limited Liability Company, | ) ) ) ) |
| Defendants. | ) |

## **<u>REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT VESTA REALTY LLC</u>**

COMES NOW Defendant, Vesta Realty, LLC, (hereinafter "Vesta" or "Defendant"), by and through its counsel of record, Benjamin D. Reed, and Jordan L. Berkhouse, of the law firm of Best & Sharp, and hereby files this Reply in Support of its Motion to Dismiss (Doc. #60). Plaintiff has failed to address the arguments raised in Defendant's Motion to Dismiss and therefore the same should be granted as a matter of law. Defendant would show the Court as follows:

Plaintiff has proffered only threadbare naked assertions devoid of any factual enhancement as to this Defendant and therefore has failed to state a claim upon which relief may be granted as to this Defendant. In her Response, Plaintiff has failed to address these shortcomings. Defendant incorporates by reference all arguments contained in the Motion to Dismiss and in the Reply in Support of her Motion to Dismiss filed by Defendant Mosby as well as the Motion to Dismiss and Reply in Support of their Motin to Dismiss filed by Woodland Manor's Best Living, LLC, and Woodland Manor TIC 1, LLC.

I.     **Plaintiff Has Failed to State a Claim for *Respondeat Superior*.**

Plaintiff has raised two theories in response to Defendant's Motion to Dismiss. First, Plaintiff alleges that she can state a claim against Defendant Vesta under the doctrine of *respondeat superior*. Plaintiff then proffers the same inaccurate standard and arguments propounded in her Response to Defendant Mosby's Motion to dismiss. *See* Doc. #69, pp. 3-4. Specifically, Plaintiff has propounded three elements to state a *prima facie* case of retaliation under the FHA citing *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017). Aside from being unpublished, the *Morgan* Court did NOT announce elements of a claim for retaliation but rather simply reiterated the basic requirements of a *discrimination* claim under the FHA. *Id*. More recently, in an unpublished opinion the 10th Circuit explicitly stated that it has not adopted this standard but has "implicitly acknowledged the four-party test from *Bloch*." *Hatfield v. Cottages on 78th Cmty. Ass'n*, 2022 WL 2452379, at *8 fn. 5 (10th Cir. July 6, 2022) citing *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (listing the elements as: "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate."). Plaintiff then alleges that Defendant Vesta, through Mosby, took adverse action against her. *See* Doc. #69, p. 3-4. As explained in Defendant Mosby's Reply in Support of her Motion to Dismiss, the actions attributed to Defendant Mosby in Plaintiff's Amended Complaint do not constitute violations of the Fair Housing Act or any other State or Federal anti-discrimination laws or landlord tenant laws. That is, Plaintiff has failed to present facts demonstrating that Defendant Mosby "coerced, threatened, intimidated or interfered with Plaintiff on account of her protected activity." Instead, Plaintiff has merely alleged that Defendant Mosby refused late payment pursuant to policy and issued a notice to Plaintiff based on her failure to pay

{00695311}                                              3

the outstanding balance of her rent – facts Plaintiff does not contest. Accordingly, because none of the alleged actions of Defendant Mosby were violations of the Fair Housing Act or any other State or Federal anti-discrimination laws or landlord tenant laws, i.e., because Plaintiff has failed to state a claim as to Defendant Mosby, the doctrine of *Respondeat Superior* does not apply as to Defendant Vesta.

Plaintiff then attempts the same bait and switch technique by insinuating that Defendant Mosby and/or Vesta initiated eviction proceedings. *See* Doc. #69, p. 4. Once again, this is inaccurate. Rather, Plaintiff has clearly alleged that the proceedings were filed by PWCM [sic]. *See* Doc. 56, ¶¶ 150-151. As to Vesta, Plaintiff has simply alleged that this Defendant is the registered agent for Defendants WMT and WMBL. *See* Defendant's Motion to Dismiss, Doc. #60, p. 4-5. As previously stated, Defendant is not aware of any precedent which supports Plaintiff's attempt to name a registered agent in conjunction with the principal without further factual averments which implicate the registered agent directly. Plaintiff does not contest this and has not offered any support for naming Vesta as the registered agent. In short, Plaintiff has failed to allege any actions on behalf of Mosby for which *Respondeat Superior* may attach and therefore Plaintiff has failed to state a claim upon which relief may be granted as to this Defendant.

II.     **Plaintiff Has Never Pled Successor Liability and Should Not Be Permitted to Amend Her Pleadings in Response to Defendant's Motion to Dismiss.**

In her Response to Defendant's Motion to Dismiss, Plaintiff has for the first time raised the theory of successor liability. *See* Doc. #69, pp. 4-5. Plaintiff tacitly admits this but asks the Court to overlook her omission of this claim. *See* Doc. #69, p. 5. However, Plaintiff cannot effectively amend her Amended Complaint through her Response. *See Earles v. Cleveland,* 418 F. Supp. 3d 879, n.3 (W.D. Okla. 2019) *aff'd*, 825 F. Appx. 544 (10th Cir. 2020) ("To the extent that Plaintiff's response references factual allegations beyond the scope of Plaintiff's First Amended Complaint,

the Court has disregarded those allegations, as Plaintiffs 'may not effectively amend [her] Complaint by alleging new facts in [her] response to a motion to dismiss.'") (*quoting Barnett v. Hall, Estill, et al.,* CV-18-64, 2018 WL 4038177, at *9, n.4 (N.D. Okla. Aug. 23, 2018)). As such, Plaintiff cannot raise a new claim for the first time in her Response to Defendant's Motion to Dismiss. Therefore, Plaintiff's new claim of successor liability should be dismissed as a matter of law.

Furthermore, Plaintiff has failed to allege any facts demonstrating what entity Defendant Vesta is supposed to have succeeded. As explained in Defendant's Motion, and left unaddressed in Plaintiff's Response, Plaintiff has merely proffered unadorned conclusory "the defendant-unlawfully-harmed-me" type of allegations. *See* Doc. #60, pp. 5-6. At most, Plaintiff has pled that Vesta is the registered agent of Defendants WMT and WMBL. She has entirely failed to plead any facts from which this Court could conclude that Defendant Vesta is a successor entity to any other entity. Accordingly, it is entirely unclear for what actions Plaintiff is alleging Defendant Vesta may have successor liability.

Relatedly, Defendant is not aware of one single published 10th Circuit opinion or opinion of a District Court within the 10th Circuit that has adopted or applied successor liability in the context of an FHA claim. As such, it is entirely unclear what standard would apply. Nevertheless, for sake of argument, the standard set out in *Equal Rts. Ctr. v. Equity Residential*, the unpublished out of circuit district court opinion expressing the 4th Circuit's standard as cited by Plaintiff, is as follows:

> The settled rule is that a corporation which acquires the assets of another corporation does not take the liabilities of the predecessor corporation from which the assets are acquired unless one of four generally recognized exceptions are met: (1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the

successor may be considered a "mere continuation" of the predecessor; or (4) the transaction is fraudulent.

*Equal Rts. Ctr. v. Equity Residential*, No., 2016 WL 1258418, at *5 (D. Md. Mar. 31, 2016) citing *United States v. Carolina Transformer Co.*, 978 F.2d 832, 837 (4th Cir. 1992). Here, Plaintiff has pled no facts with regard to Defendant Vesta being a successor entity to any other entity. Accordingly, even under Plaintiff's own theory, she has failed to state a claim of successor liability as to this Defendant.

WHEREFORE, premises considered, Defendant, Vesta Realty, LLC, respectfully requests an Order from the Court dismissing all of Plaintiff's claims against it and awarding it the fees and costs incurred in obtaining said Order, along with any other affirmative relief the Court deems just and appropriate.

Respectfully submitted,

BEST & SHARP

s/ *Jordan L. Berkhouse*

_____
Benjamin D. Reed, OBA #22696
Jordan L. Berkhouse, OBA #33835
1 West Third Street, Suite 900
Williams Center Tower I
Tulsa OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
breed@bestsharp.com
jberkhouse@bestsharp.com

*Attorneys for Defendants,*
*Vesta Realty, LLC, Woodland Manor's Best*
*Living, LLC, Woodland Manor TIC 1, LLC,*
*and Skylar Rae Mosby-Gudmundsson*

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Teressa L. Webster, OBA #30767
Teressa.Webster@laok.org
*Attorneys for Plaintiff*

J. Randall Coffey, Admitted Pro Hac Vice
rcoffey@fisherphillips.com
*Attorney for Defendant, Bridge Property Management, L.C.*

Nathan L. Whatley, OBA #14601
nathan.whatley@mcafeetaft.com
*Attorney for Defendants, PC Woodland Manor, LLC,
Varia US Tulsa, LLC, Varia US Holdings, LLC,
Stoneweg US Employees, LLC, and Stoneweg
Investments, LLC*

                     *S /Jordan L. Berkhouse*